ELMER v. SAND CREEK TOWNSHIP.

LANDLORD AND TENANT.—*Rent.*— *When Due.*—A complaint for rent, alleging simply the sum agreed to be paid, the entry on and enjoyment of the property, and that said sum remains unpaid, is insufficient. If there be no usage or agreement, rent is not due until the end of the term.

APPEAL from the Bartholomew Common Pleas.

WORDEN, C. J.—The appellee sued the appellant, and had judgment.

The complaint, to which a demurrer was overruled and exception taken by the defendant, was as follows:

"STATE OF INDIANA, BARTHOLOMEW COUNTY, SS.
"Bartholomew Court of Common Pleas.

"Sand Creek township, of Bartholomew county, Indiana, complains of Daniel Elmer, and says, that the defendant, on the first day of September, eighteen hundred and sixty-five, rented of plaintiff, entered on, and enjoyed thirty-seven acres of land in Sand Creek township, Bartholomew county, in the State of Indiana, belonging to Sand Creek township, for which he promised to pay three dollars and fifty cents per acre, which remains unpaid; and the plaintiff demands judgment for two hundred dollars."

The complaint, it will be seen, was a very meagre one, and we think it failed to allege facts sufficient to entitle the plaintiff to recover. It does not show by averment, or by any just inference, that the money was due; or, in other words, that the cause of action was mature at the time the suit was brought. It does not state when the rent was to be payable, nor that it was due. Had it stated that the sum was due, that would have been sufficient. *Allen* v. *Patterson*, 3 Seld. 476. Perhaps if the complaint had alleged that the defendant was indebted to the plaintiff in the sum demanded, that would have imported a present liability; but this point is only suggested, and not decided.

Ordinarily a promise to pay a sum of money, without specifying any time therefor, is a promise to pay at once; but that is not the case in reference to rent. "If there be no

usage or agreement in the case, rent is not due until the end of the term." Taylor Landl. and Ten.289. In the complaint there is no allegation of usage or stipulated time for the payment of the rent; nor is there anything showing the length of the defendant's term, nor that it had expired. In short, there is nothing in the complaint showing any present cause of action against the defendant.

The judgment below is reversed, with costs.

*R. Hill* and *G. W. Richardson,* for appellant.

*W. Herod* and *W. W. Herod,* for appellee.