STATE OF INDIANA *v.* ABE KUSHNER, HERBERT AND MARIAN L. MORRIS, AND NORTHERN INDIANA BANK AND TRUST COMPANY.

[No. 3-673A69. Filed June 20, 1974. Rehearing denied August 2, 1974. Transfer denied October 11, 1974.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellant.

*Charles T. Clifford, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellees.

PER CURIAM—This cause is pending before the Court on the appellees' motion to dismiss which alleges that the cause must be dismissed because the trial court's decision of March

19, 1973, sustaining the appellees' motion to correct errors, and granting a new trial subject to additure became the final judgment to which a motion to correct errors should have been filed by the State. However, no motion to correct errors was filed directed to this final judgment.

The record reveals that this was an action by the State of Indiana to condemn a strip of land owned by the appellees Kushner and Morris, and leased by the appellee Northern Indiana Bank and Trust Company. Pursuant to the statute, the court appointed appraisers to assess the damages to which the defendants might be entitled. The appraisers, after being duly sworn, viewed the real estate to be condemned, and found the total damages to be in the sum of $34,000.00.

The defendants filed their exceptions to the appraisers' report, after which the plaintiff filed its exceptions to the report and a demand for trial by jury. After certain discovery procedures, the cause came on for trial by jury, at the conclusion of which the jury returned its verdict as follows:

> "We, the jury find for the defendants Abe Kushner, Herbert J. Morris and Marian L. Morris, and assess their damages in the amount of $19,000.00"

on which the trial court entered its judgment as follows:

> "And the defendant [sic] now moves the Court for judgment for the verdice [sic], and the court being fully and fully advised in the premises, finds for the defendants and against the plaintiff herein, and finds that said defendants, Abe Kushner, Herbert J. Morris and Marian L. Morris, be awarded the sum of $19,000.00 as damages, plus the costs of this action. Court further finds that there is no interest due.
> "ALL OF WHICH IS SO ORDERED, ADJUDGED AND DECREED by the Court."

Thereafter the defendants-appellees filed their motion to correct errors. After conducting a hearing on the motion and having taken the same under advisement, the court subse-

quently entered his findings of fact and ruling on the motion to correct errors, which, omitting formal parts, reads as follows:

"This matter having been previously submitted to the Court on defendants' Motion to Correct Errors, and the Court having heard argument of counsel, said Motion to Correct Errors is now granted.

"The Court further finds that as a result of the appropriation of defendants' land in these proceedings, damages were sustained as follows:

"a. That the take by the State of Indiana totally deprived defendants' remaining parcel of land to any access to Indiana State Highway #149.

"b. That defendants' remaining land had no access to State Highway #149 by virtue of the 'local service road' to the North of defendants' remaining land.

"c. That the 'local service road' described in defendants' tendered Exhibit No. 3 could not be used for the benefit of defendants' remaining parcel.

"d. That the take by the State of Indiana changed the 'highest and best use' of defendants' remaining parcel because of the lack of any direct access to Indiana State Highway #149.

"e. That the verdict of the jury is clearly erroneous as contrary to the evidence, and the Court therefore finds that a verdict in the amount of Nineteen Thousand ($19,000.00) Dollars constitutes an inadequate amount of damages.

"f. That the defendants presented evidence through defendants' Exhibit No. 3 that the 'local service road' described in said Exhibit No. 3 was not created for the benefit of defendants' remaining parcel, and no evidence to the contrary was presented by plaintiff, State of Indiana.

"The Court now orders a new trial on the issue of damages for just compensation; in the event the plaintiff, State of Indiana, shall consent to an addition of Fifteen Thousand ($15,000.00) Dollars, making a total judgment for damages in the amount of Thirty-four Thousand ($34,000.00) Dollars, then the necessity for the new trial will be obviated. The plaintiff, State of Indiana, is given thirty (30) days from this date to indicate its consent or refusal to this additure.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Motion to Correct Errors

be, and it is hereby granted, subject to additure in the amount of Fifteen Thousand ($15,000.00) Dollars, making the total judgment for damages or just compensation in the amount of Thirty-four Thousand ($34,000.00) Dollars.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED by the Court that plaintiff, State of Indiana, is given thirty (30) days from this date to consent or refuse said additure.

"ALL OF WHICH IS ORDERED, ADJUDGED and DE-CREED by the Court this 19th day of March, 1973."

The effect of the court's ruling on the motion to correct errors is that he changed the earlier judgment of damages in the amount of $19,000.00 to $34,000.00. It is readily apparent that in so doing, he made new findings that were not a part of the original judgment. This being the case, the plaintiff-appellant should have filed a motion to correct errors addressed to this judgment as a condition precedent to any appeal therefrom.

In the case of *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, the Supreme Court considered the problem raised when the trial court, in ruling on a motion to correct errors, does something other than merely granting or denying the motion. In *Deprez* the trial court first entered a simple judgment of dismissal. Thereafter, in ruling on the motion to correct errors, the trial court entered special findings of fact, conclusions of law and judgment, affirming the dismissal. On appeal to the Supreme Court of Indiana, the appellee filed a motion to dismiss alleging, in part, that no motion to correct errors was ever filed addressed to the final judgment of the trial court. Our Supreme Court sustained the appellee's motion, holding that the ruling on the motion to correct errors was a new judgment, to which a subsequent motion to correct errors should have been addressed, because the court made new findings of fact and conclusions of law, even though the judgment of dismissal was the same. Chief Justice Arterburn, speaking for the Court, stated:

"If the trial court had simply either granted or denied that Motion to Correct Errors such step would have con-

stituted the final judgment from which this appeal could have been taken without further ado. Rule AP. 4.

"However, because of the insufficiency of the November 4, 1970 entry in light of the attack made upon it by the State's Motion to Correct Errors, the trial court entered a completely new entry of February 3, 1971, pursuant to Rule TR. 52(B), constituting new findings of fact and a new judgment as authorized further by Rule TR. 59(E). This new entry for the first time set forth the reasons in fact and in law upon which the trial court's dismissal was based. If they were in error, then a Motion to Correct Errors was clearly necessary. Thus, the February 3, 1971 entry became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP. 4, should have been filed."

This Court had occasion to consider the same problem in the case of *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377. In *Davis*, following a decree of divorce and distribution of the marital estate, the wife filed a motion to correct errors, alleging the court had erred in the division of the property. The trial court granted her motion, and entered an amended judgment which increased the amount of the property awarded to her. The husband sought to appeal this ruling without filing a subsequent motion to correct errors on his own behalf.

On appeal to this Court, the appellee wife filed her motion to dismiss alleging that the trial court's ruling on the motion to correct errors constituted a new judgment, to which a second motion to correct errors should have been filed. This Court, following the decision of the Supreme Court in *State* v. *Deprez, supra*, sustained the appellee's motion to dismiss stating:

"Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if the trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amendments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken. With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged

errors in the appeal process. The first sentence of Rule AP. 4(A) referring to appeals 'from all final judgments,' as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment is thus given force and effect."

Just as in the cases of *State* v. *Deprez, supra,* and *Davis* v. *Davis, supra,* the trial court in ruling on the motion to corect errors in the case now before us, made new and additional findings of fact and altered and amended the original judgment. In following our Supreme Court's ruling in *State* v. *Deprez, supra,* we must hold that because the trial court made new and additional findings and amended the original judgment in ruling on the motion to correct errors, the appellant was obliged to file a new motion to correct errors addressed to this ruling in order to have preserved any error on appeal. Having failed to do so, the appellant has no standing to prosecute an appeal from this final judgment of the trial court.

The appellees' motion to dismiss is therefore sustained and this cause is dismissed.

NOTE.—Reported at 312 N.E.2d 523.