ARTHUR L. YARDE & SONS, INC. *v.* MICHAEL MOLARGIK.

[No. 3-974A158. Filed December 9, 1976.]

*Howard S. Grimm, Grimm & Grimm,* of Auburn, for appellant.

*John Martin Smith, Smith and Quinn,* of Auburn, for appellee.

STATON, P.J.—Arthur L. Yarde & Sons, Inc. (Yarde) appeals from a judgment rendered in the trial court in favor of Michael Molargik (Molargik).

Molargik had filed a complaint on August 10, 1973, alleging that Yarde improperly installed drainage tile on Molargik's farm. The cause was tried on February 13 and 14, 1974, and on April 30, 1974, the trial court entered judgment in favor of Molargik in the amount of $12,570.66. Yarde, on June 7, 1974, filed a Motion to Correct Errors which was sustained by the trial court on July 5, 1974; the judgment was reduced to $7,079.23. From that second judgment, Yarde appeals.

We cannot reach the merits of Yarde's appeal. When the trial court changes any part of its original judgment after a Motion to Correct Errors has been filed, a second Motion to Correct Errors must be filed before an appeal can be taken on the merits. *Weber* v. *Penn-Harris-Madison School Corporation* (1974), 162 Ind. App. 28, 317 N.E.2d 811; *Lake County Title Company* v. *Root Enterprises, Inc.* (1975),

167 Ind. App. 559, 339 N.E.2d 103 *(rehearing denied)*. When the first Motion to Correct Errors is granted and the trial court enters a new judgment, a second Motion to Correct Errors must be filed or the appeal will be dismissed. *State* v. *Kushner* (1974), 160 Ind. 464, 312 N.E.2d 523.

The Court of Appeals has a continuing duty to take notice of its lack of jurisdiction; therefore, we raise this issue even though neither party directed us to it. *Hansbrough* v. *Indiana Rev. Bd.* (1975), 164 Ind. App. 56, 326 N.E.2d 599. This Court, in *Miller* v. *Mansfield* (1975), 164 Ind. App. 583, 330 N.E.2d 113, 115, elaborated:

> "In the case at bar, the trial court granted, in part, . . . [the] motion to correct errors. Under the provisions of Rule AP. 4(A), . . ., such is deemed a final judgment. By operation, it had the effect of vacating the trial court's previous judgment. . . . [This] creates a new judgment necessitating a subsequent motion to correct errors."[1]

Since Yarde initiated this appeal without filing a second Motion to Correct Errors, we have no option but to dismiss this appeal for lack of jurisdiction.

Garrard, J. and Hoffman, J., concur.

NOTE.—Reported at 358 N.E.2d 145.

---

1. Indiana Rules of Appellate Procedure, Appellate Rule 4(A):
    "Appeals may be taken by either party from all final judgments. . . . A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom."
Indiana Trial Rule 59(G):
    "Motion to correct error a condition to appeal. In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. . . ."
The Court in *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377, 380 *(transfer denied)* enunciated that the rationale for such interpretation of the rules is sound. "[I]t logically stresses the need for specificity of alleged errors in the appeal process." We would add that the purpose of the Motion to Correct Errors, allowing the trial court to reexamine its actions prior to appeal, would be subverted were the second Motion to Correct Errors not mandatory.