IN RE THE MARRIAGE OF EDLEY A. ROBBINS
AND JEAN ROBBINS.

[No. 3-575A77. Filed December 16, 1976.]

*John S. Gonas,* of South Bend, for appellant.

*Paul B. Kusbach,* of South Bend, for appellee.

STATON, P.J.—The marrage of Edley A. Robbins and Jean Robbins was dissolved on November 4, 1974. Edley A. Robbins failed to appear for the trial on the merits. After the judgment was rendered dissolving the marriage, he filed a motion with the trial court to vacate judgment.[1] Before the trial court ruled upon this motion, Edley Robbins filed his motion to correct errors which was overruled. Two issues are presented to this Court by Edley Robbins' appeal:

1. Does this Court have appellate jurisdiction?
2. Did the trial court abuse its discretion when it refused to vacate the judgment?

In our review of these issues, we conclude that this Court does have jurisdiction and that the trial court did not abuse its discretion. We affirm.

## I.

### Jurisdiction

Jean Robbins contends that we are without jurisdiction to review this appeal since Edley Robbins failed to file a second

1. Although Edley Robbins refers to the judgment rendered in this action as a default judgment, it is not a default judgment. An answer was filed by Edley Robbins to his wife's petition for dissolution of their marriage. Both Edley Robbins and his wife had notice of the trial date for a trial on the merits. When a trial court proceeds to hear a divorce action on the merits even though one of the parties is absent, the resulting judgment is on the merits. The judgment is not a default judgment. Indiana Rules of Procedure, Trial Rule 55(B) would not be applicable. *Aetna Securities Company* v. *Sickels* (1949), 120 Ind. App. 300, 88 N.E.2d 789. As this Court stated in *Aetna Securities Company* v. *Sickels, supra,* 120 Ind. App. at 308, 88 N.E.2d at 792-93:

"A default occurs when a party fails to appear in response to process or, having appeared, fails to obey a rule to answer and thereby confesses the allegations of the pleading. Judgment is then rendered without the trial of any issue of law or fact. *Fisk* v. *Baker,* 1874, 47 Ind. 534. Obviously where an issue of fact is pending between the parties there can be no judgment on default even though the defendant is absent at the time fixed for trial. Under such circumstances however the court may proceed to hear the plaintiff's evidence in the same manner as though the defendant were present and, if a prima facie case is established, may render appropriate judgment. . . ."

motion to correct errors. Edley Robbins had filed a motion to vacate the divorce judgment. Before the trial court ruled on the motion to vacate, he filed his motion to correct errors citing the trial court's failure to vacate the judgment as an abuse of discretion.[2] Since Trial Rule 60(B) grounds are cited by Edley Robbins in his motion to vacate, Jean Robbins contends that the denial of the motion to correct errors constituted a denial of his TR. 60 (B) motion to vacate and that a second motion to correct errors is necessary to give this Court jurisdiction to review the judgment.

TR. 60(B) affords relief from circumstances which could not have been discovered during the period in which a TR. 59 motion to correct errors could have been filed with the trial court. It is not a substitute for a timely appeal. *Warner* v. *Young American Volunteer Fire Dept.* (1975), 164 Ind. App. 140, 326 N.E.2d 831; *Moe* v. *Koe* (1975), 165 Ind. App. 98, 330 N.E.2d 761; *York* v. *Miller* (1975), 167 Ind. App. 444, 339 N.E.2d 93; 4 W. HARVEY & R.B. TOWNSEND, INDIANA PRACTICE 222 (1971). TR. 59 (A) (2), (3) and (9) permit the TR. 60(B) grounds to be used.[3]

---

2. Edley Robbins' motion to correct errors reads in pertinent part as follows:

"Comes now EDLEY A. ROBBINS and moves the Court to Correct Errors and grant a new trial herein for the following reasons, to-wit:

"1. Denial of a fair trial by irregularities in the proceedings of the Court herein.

"2. In the abuse of discretion of the Court herein, in that:

a) Relying upon the telephone calls as attorney for Edley A. Robbins, that he had with the secretary for the Court and as the attorney for Jean Robbins, that although this matter was set for disposition, that he would be out of town on said date and that parties were seeking to work out a settlement of the differences between them and that the matter would be continued, all as disclosed by the Verified Motion to Vacate the Judgment herein."

3. Indiana Rules of Procedure, Trial Rule 59 provides in pertinent part as follows:

(A) Motion to correct errors—When granted. The court upon its own motion or the motion of any of the parties for or against all or any of the parties and upon all or part of the issues shall enter an order for the correction of errors occurring prior to the filing thereof, including, without limitation, the following:

What Jean Robbins suggests as a defect in jurisdiction would amount to an unintended defect in the Indiana Rules of Procedure. Trial Rule 1 provides that the Indiana ▮ trial rules "shall be construed to secure the just, speedy and inexpensive determination of every action." What Jean Robbins suggests could possibly require the unnecessary filing of two motions to correct errors, one addressed to the trial court's judgment and a second to the trial court's denial of a TR. 60 motion for the same relief. Furthermore, her suggestion would cause unnecessary delay and expense in the final determination of those matters appealed. For example, where a TR. 59 motion to correct errors has been filed, and later, a TR. 60 motion is filed and denied then a second motion to correct errors is filed upon the ruling which denied the TR. 60 motion; the second motion to correct errors can not be appealed until the first motion to correct errors has completed the appellate process. [See *Logal* v. *Cruse* (1976), 167 Ind. App. 160, 338 N.E.2d 309 (concurring and dissenting opinions.)].

The time limits for each of these motions, TR. 59 and TR. 60(B), have inherent basic purposes. One of the common, overlapping purposes is to call errors, either in equity or in law, to the attention of the trial court to avoid an injustice. To this extent, both motions overlap in their basic purpose. TR. 59(A)(7) states that its purpose shall be for the "Correction of a judgment subject to correction, alteration, amendment or modification; or"; and this purpose is supplemented by a more inclusive purpose: "(9) For any reason allowed by these rules, statutes or other law." This last purpose, TR. 59(A)(9), would appear to encompass the additional

---

* * *

(2) Accident or surprise which ordinary prudence could not have guarded against;

(3) Excessive or inadequate damages, amount of recovery or other relief;

* * *

(9) For any reason allowed by these rules, statute or other law.

equitable purposes stated in TR. 60(B) during the TR. 59 sixty day time limit. Therefore, a TR. 60 purpose stated in a motion, regardless of its denomination, should be treated as a TR. 59 motion if it is filed within the sixty day period after judgment. No further motion to correct errors is required for an appeal.[4] After the sixty days, a motion, regardless of its denomination, which states a TR. 60 purpose must be treated as a TR. 60 motion. When the trial court renders a judgment by denying or granting this motion, a motion to correct errors is required for an appeal from the judgment.

In support of her jurisdictional defect, Jean Robbins cites *Yerkes* v. *Washington Manufacturing Co.* (1975), 163 Ind. App. 692, 326 N.E.2d 629. We disapprove of *Yerkes* v. *Washington Manufacturing Co., supra,* for the reasons cited above.[5]

---

4. No further motion to correct errors is required if the trial court does not change its judgment. If any change is made in the judgment after the motion to correct errors has been filed, a second motion to correct errors must be filed. See, *State* v. *DePrez* (1973), 260 Ind. 413, 296 N.E.2d 120; *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377; *Wyss* v. *Wyss* (1974), 160 Ind. App. 281, 311 N.E.2d 621; *State* v. *Kushner* (1974), 160 Ind. App. 464, 312 N.E.2d 523; *Easley* v. *Williams* (1974), 161 Ind. App. 24, 314 N.E.2d 105; *Koziol* v. *Lake County Plan Commission* (1974), 161 Ind. App. 232, 315 N.E.2d 374; *Weber* v. *Penn-Harris-Madison School Corporation* (1974), 162 Ind. App. 28, 317 N.E.2d 811; *Miller* v. *Mansfield* (1975), 164 Ind. App. 583, 330 N.E.2d 113; *Lake County Title Company* v. *Root Enterprises, Inc.* (1975), 167 Ind. App. 559, 339 N.E.2d 103 (rehearing denied); *Arthur L. Yarde & Sons, Inc.* v. *Molargik* (1976), 171 Ind. App. 470, 358 N.E.2d 145.

5. *Yerkes* v. *Washington Manufacturing Co.* (1975), 163 Ind. App. 692, 326 N.E.2d 629 erroneously assumes that TR. 60(B) is the only vehicle for the use of TR. 60(B) grounds. TR. 55(C) does not limit the vehicle or type of motion. TR. 55(C) limits only the grounds upon which a default judgment may be set aside. TR. 60 grounds should not have their use limited to the form and time of filing of a TR. 60 motion. TR. 55(C) provides:

"A judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

See, *Kelly* v. *Bank of Reynolds* (1976), 171 Ind. App. 515, 358 N.E.2d 146.

## II.

### Abuse of Discretion

Several days before the divorce trial, Edley Robbins' attorney called the trial judge's secretary and told her that he would be out of town on the date of the divorce trial. He alleges that she replied that a continuance "would be acceptable to the Court."

The trial judge's secretary does not have the authority to grant continuances over the telephone. No motion for a continuance was filed with the trial court for its consideration as provided by Indiana Rules of Procedure, Trial Rule 53.4. Edley Robbins' attorney is presumed to know the proper procedure for obtaining a continuance of trial.

Our examination of the record does not reveal any surprise, mistake or excusable neglect. The trial court did not abuse its discretion when it denied Edley Robbins' motion to vacate the judgment. Any failure on the part of an attorney to file a motion for a continuance would be chargeable to his client. See *Moe* v. *Koe* (1975), 165 Ind. App. 98, 330 N.E.2d 761; *Kreczmer* v. *Allied Construction Co.* (1972), 152 Ind. App. 665, 284 N.E.2d 869.

The judgment of the trial court is affirmed.

Garrard, J., Hoffman, J., concurs with opinion.

### CONCURRING OPINION

GARRARD, J.—While I believe the overlap between TR. 59 and TR. 60(B) is even more pervasive than Judge Staton indicates, the chief problem arising is the pleading trap created by the requirement that a motion to correct errors be addressed to a ruling on a TR. 60(B) motion. *See, Yerkes* v. *Washington Mfg. Co.* (1975), 163 Ind. App. 692, 326 N.E.2d 629.

Judge Staton solves that problem by treating all motions filed within sixty days after the entry of judgment as TR. 59 motions.

Furthermore, his solution does not deprive litigants of the evidentiary hearing procedures afforded under TR. 60 (D) where the court has granted either a default judgment or an involuntary dismissal since the rules applicable to such rulings specifically permit use of TR. 60 (B) procedures. *See,* TR. 41 (F), TR. 55 (C).

I therefore concur.

## CONCURRING OPINION

HOFFMAN, J.—I also concur in the majority and concurring opinions. However, I also wish to point out that for the reasons cited in the majority opinion we disapprove of our language in *Green* v. *Karol* (1976), 168 Ind. App. 467, 344 N.E.2d 106, to the extent it indicates a default judgment may only be attacked by a Trial Rule 60 (B) proceeding.

NOTE.—Reported at 358 N.E.2d 153.