RONALD G. ROBERTS, OPAL V. ROBERTS *v.* RICHARD P. WATSON, RENA JO WATSON.

[No. 2-1174A271. Filed February 8, 1977. Rehearing denied March 31, 1977. Transfer denied March 25, 1980.]

*Kent H. Musser, Harvey E. McDonald, McDonald & Musser,* of Indianapolis, *John L. Fox,* of Indianapolis, for appellants.

*Charles S. Gleason, Rodger K. Hendershot, Waton, Gleason & Hay,* of Indianapolis, for appellees.

## CASE SUMMARY

LOWDERMILK, J.—This cause was transferred from the Second District to this office in order to lessen the disparity in caseloads among the Districts.

Defendants-appellants Ronald G. and Opal V. Roberts appeal from a judgment in a bench trial in favor of plaintiffs-appellees Richard P. and Rena Jo Watson.

Affirmed in part and reversed in part.

## FACTS

This action arose out of a lease executed by the parties on December 1, 1972. The Watsons leased a portion of their commercial building on Shadeland Avenue in Indianapolis to the Roberts for use as a carry-out restaurant.

The Roberts agreed to an annual rental of $5,000.00 to be paid at the rate of $416.66 per month, payable in advance on the first of each month. The term of the lease was to begin when the premises was ready for occupancy and to run for five years thereafter. In the event of a default by the Roberts, the Watsons were provided a lien on the Roberts' personal property

which was on the premises and were given the right to take said property. The lease did not mention attorney's fees.

Richard and Ronald disputed when the term began and, therefore, when the initial rent payment fell due.

On October 4, 1973, the Watsons filed their complaint alleging: (1) the execution of the lease, (2) that the term thereof commenced on July 1, 1973, (3) that the Roberts' deposit was applied to the July, 1973, rent, and (4) that the Roberts failed to pay the rent due on the first of August and September, 1973. The Watsons prayed for possession of the premises and for $24,583.34—the total rent under the lease minus the July, 1973, rent.

Pursuant to court order Ronald was ejected from the premises on November 7, 1973. The trial court on July 13, 1974, entered judgment, stating *inter alia:*

"And the Court having considered all of the pleadings and evidence admitted herein and being duly and sufficiently advised in the premises now finds for the Plaintiffs on their Complaint and against the Defendants, and further finds for the Plaintiffs and against the Defendants on the Defendants' Counter-Complaint.

"And the Court further finds that the Plaintiffs have been damaged in the total sum of Sixteen Thousand Five Hundred Thirty-one Dollars ($16,531.00) to the date of the entry of this judgment, plus costs.

"And the Court further finds that the reasonable value of the equipment and inventory on November 7, 1973, being the date possession was taken by the Plaintiffs from the Defendants pursuant to Court Order, including improvements and betterments therein contained, if any, was Three Thousand Eighty-nine Dollars and twenty-nine cents ($3,089.29) and that the herein Judgment against the Defendants should be credited by that sum upon the transfer of title to said equipment, inventory, improvements and betterments to the Plaintiffs as hereinafter ordered.

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED, that the Plaintiffs shall have judgment for damages to the date of this entry against the Defendants and each of them, jointly and severally, in the sum of Sixteen Thousand Five Hundred Thirty One Dollars ($16,531.00), plus costs of this action.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the Defendants, and each of them, take nothing from and on their Counter-Complaint.

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that possession of the premises ... be, and the same is hereby ordered with and to the Plaintiffs, "and that all title, right and interest, of the Defendants in and to all inventory, equipment, improvements and betterments, if any, contained in or on the premises ... on the 7th day of November, 1973, be, and the same is hereby vested in the Plaintiffs, jointly and severally, and the aforesaid Judgment is hereby credited with the sum of Three Thousand Eighty-Nine Dollars and Twenty-nine Cents ($3,089.29), being the value thereof as heretofore found by the Court, and the aforesaid judgment is hereby reduced to Thirteen Thousand Four Hundred Forty One Dollars and Seventy one Cents ($13,441.71), plus costs of this action."

## ISSUES

1. Did the trial court have personal jurisdiction over Opal?

2. Whether the trial court erred in its treatment of Ronald's evidence pertaining to when the premises was ready for occupancy.

3. Whether the trial court's court award of $16,531 in damages was erroneous.

4. Whether the trial court erred in valuing Ronald's personal property at $3,089.29.

## DECISION

The Watsons assert that Ronald, by making no reference in his appellant's brief to the filing and denial of his motion to correct errors, failed to invoke the jurisdiction of this court and waived Issues Two through Four.

According to Ind. Rules of Procedure, Appellate Rule 8.3 (A) (4) the statement of the case in an appellant's brief should include a recitation that a motion to correct errors was filed in the trial court and denied.

However, the record in the case at bar clearly shows the filing of Ronald's motion to correct errors and its denial.

Therefore, we will not hold the omission in this case to be jurisdictional or to constitute a waiver of all issues raised by Ronald. As this court stated in *Smith* v. *Chesapeake and Ohio Railroad Co.* (1974), 160 Ind. App. 256, 311 N.E.2d 462, 465:

"This court prefers to decide cases on their merits whenever possible . . . Appellant has substantially complied with the requirements of Rule AP. 8.3. We therefore elect to proceed to a determination of the issues presented in this appeal." (Citation omitted)

*ISSUE ONE:*

As to Opal, the critical question is whether there was sufficient service of process. If not, the trial court did not have personal jurisdiction over her so that its judgment is void as to her. *Chesser* v. *Chesser* (1976), 168 Ind. App. 560, 343 N.E.2d 810.

The summons issued in the instant case listed the defendants as "Ronald G. Roberts and Opal V. Roberts [,] 6902 East 48th Street [,] Indianapolis . . ." Counsel for the Watsons designated service by registered or certified mail. The clerk of the trial court certified that the summons and a copy of the complaint were mailed by certified mail, return receipt requested, to the address furnished by the Watsons. The clerk's, return showed that Ronald accepted the summons and complaint.

On July 8, 1974, Opal's counsel filed a motion to correct errors[1] demanding that the judgment not include her inasmuch

---

1. Although relief from a void judgment may be sought under Ind. Rules for Procedure Trial Rule 60(B)(6), Opal's motion to correct errors was a permissible vehicle for her challenge. When any judgment has been entered against someone who alleges that an error of law forms a basis of that judgment, the allegations may be raised in a motion to correct errors; a motion which states a TR. 60 ground should be considered a motion to correct errors, regardless of its denomination, if it is filed within 60 days after the judgment is entered—with no subsequent motion to correct errors required for an appeal unless the trial court alters its judgment. *Kelley* v. *Bank of Reynolds* (1976), 171 Ind. App. 575, 358 N.E.2d 146; *In re the Marriage of Robbins* (1976), 171 Ind. App. 509, 358 N.E.2d 153.

as she did not receive notice of the action, did not know she was a party thereto until after judgment had been entered against her, and did not authorize Ronald's counsel to represent her. In her supporting affidavit she averred that she had been separated from Ronald since March, 1973, did not see a summons or have one read to her, first learned of the judgment when it was executed against her, and had never seen or communicated with Ronald's counsel. Ronald filed an affidavit to the same effect, and also averred that the summons and complaint were delivered to him at his residence at 7709 E. 47th Street and that he had been the sole proprietor of the restaurant. No opposing affidavits were filed.

Inasmuch as the Watsons ignored their right under Ind. Rules of Procedure, Trial Rule 59(D) to contradict the Roberts' averments by submitting counter-affidavits, we are bound to accept as true the facts averred in the Roberts' affidavits. *Scharbrough* v. *State* (1968), 249 Ind. 316, 232 N.E.2d 592.

Counsel for the Watsons opted to attempt service of process on the Roberts under Ind. Rules of Procedure, Trial Rule 4.1(A)(1), which provides:

"Service may be made upon an individual . . . by sending a copy of the summons and complaint by registered or certified mail . . . to his residence, place of business or employment with return receipt requested and returned showing receipt of the latter. . . ."

The service of process in the case at bar did not conform to TR. 4.1(A)(1) inasmuch as the United States Postal Service, which the Watsons' counsel selected as the server of process, did not in fact send the summons and complaint to Opal's residence, place of business, or place of employment. We feel that justice is best served by thrusting the risk of the Postal Service's misfeasance upon the parties who elected to utilize that service, rather than allowing Opal to suffer a judgment against her although she was

not afforded her right to notice and an opportunity to be heard. We note that the Postal Service could have been requested to "[s]how to whom, date and address where delivered" on the return receipt to insure that the Watsons would have notice of improper service and would have an opportunity to effect proper service.

The Watsons argue that the service of process in this case complied with Ind. Rules of Procedure, Trial Rule 4.6(A)(2). They contend that Opal and Ronald were partners by estoppel so that service upon Ronald constituted service upon the partnership under TR. 4.6(A)(2).

We decline to hold that spouses create a partnership by estoppel under IC 1971, 23-4-1-16 when they enter into a lease of commercial property. In executing the lease the Roberts held themselves out only as "husband and wife" and not as partners.

The Watsons also rely on Ind. Rules of Procedure, Trial Rule 4.15(F) for authority that the service of process here was sufficient. However, TR. 4.15(F) will not cure service of process when there has been no service on a party. 1 Harvey, *Indiana Practice* 415 (1969). Inasmuch as the service of process in the instant case was not sufficient the trial court had no personal jurisdiction over Opal, as to whom its judgment is void. *Chesser* v. *Chesser, supra.*

In Opal's affidavit, she averred that she signed a motion to set aside ejectment bond.

The Watsons maintain that Opal thereby entered an appearance which subjected her to the trial court's power. See Ind. Rules of Procedure, Trial Rule 4(A); *Florida ex rel. O'Malley* v. *Department of Insurance* (1973), 155 Ind. App. 168, 291 N.E.2d 907.

However, the record does not show that the motion signed by Opal was *filed* with the trial court. Inasmuch as the motion

was not entered of record it is not now a proper subject for review. *Cooper* v. *State* (1972), 259 Ind. 107, 284 N.E.2d 799. Therefore, we cannot hold that Opal entered an appearance which gave the trial court jurisdiction over her person.

The trial court's judgment must be reversed as to Opal.

## *ISSUE TWO:*

This issue stems from a stipulation of counsel for the Watsons and Ronald. They stipulated, *inter alia,* that only lease clauses 4, 18, and 23 were in dispute. But the third clause contained the provision that the lease would commence "when ready for occupancy."

At one point, the trial court indicated that it would not admit evidence showing when the premises was ready for occupancy.

Ronald argues that the court therefore had no way to determine when the lease began. He contends that the lease, thus ambiguous, should be construed strictly against its drafter, Richard.

However, our examination of the record reveals that the trial court in fact admitted ample testimony pertaining to when the premises was ready for occupancy. There was testimony by the rental agent, the general contractor for the building, the health inspector, the plumbing and electrical contractors, Ronald, and Richard.

Thus the trial court faced conflicting evidence as to when the term began. As we explained in *Seco Chemicals, Inc.* v. *Stewart* (1976), 169 Ind. App. 624, 349 N.E.2d 733, 736-737:

"On an appeal from a trial to the court, we may not reverse the trial court's findings or judgment unless they are clearly erroneous. Ind. Rules of Procedure, Trial Rule 52(A). Therefore we can set aside such a finding only where—although there is evidence to support it—a review of the entire record leaves us with a definite and firm conviction that a

mistake has been made. *Citizens Gas and Coke Utility* v. *Wells* (1971), 150 Ind. App. 78, 275 N.E.2d 323. In our review we must give 'due regard' to the trial court's assessment of the credibility of the witnesses. TR. 52(A).

"The conflicting evidence here leaves us with no such conviction."

*ISSUE THREE:*

Ronald challenges the trial court's award of $16,531 in damages. The judgment setting forth the award will be reversed only if the amount awarded therein was so great as to indicate that the finder of fact considered some improper element—or that it was motivated by factors not in issue here. *Rondinelli* v. *Bowden* (1973), 155 Ind. App. 582, 293 N.E.2d 812.

Ronald maintains that the trial court erred in considering two improper elements of damages: the Watsons' attorney's fees and their losses sustained in operating the restaurant following Ronald's ejectment.

The Watsons could not recover their attorney's fees from Ronald unless there was an agreement or statute to that effect. *Honey Creek Corp.* v. *WNC Development Co.* (1975), 165 Ind. App. 141, 331 N.E.2d 452; 52 C.J.S. *Landlord & Tenant* § 568(d) (1968). We cannot find, and we are not referred to, any statute according the Watsons the right to recover their attorney's fees; nor does the lease in the case at bar provide for the recovery of their attorney's fees.

Therefore, the trial court erred if it considered their attorney's fees in making its award of damages.

In an action for rent, the landlord may recover the entire amount of rent *due and unpaid.* 52 C.J.S., *Landlord & Tenant* § 568(a). "Consequently . . . the landlord's right of action on the lease for the whole amount of rent reserved matures only at the end of the term when all the installments have matured." 3A G. Thompson, *Real*

*Property* § 1306, at 492-493 (Grimes 1959 Repl.). The landlord in an action for rent cannot recover rent which is not alleged to be due. *Indianapolis, Decatur and Western Railway Co.* v. *First National Bank of Indianapolis* (1893), 134 Ind. 127, 33 N.E. 679; *Elmer* v. *Sand Creek Township* (1871), 38 Ind. 56.

However, the landlord may bring actions for rent as it becomes due. E.g. *Booher* v. *Richmond Square, Inc.* (1974), 160 Ind. App. 44, 310 N.E.2d 89.

The Watsons' complaint alleged that rent fell due on the first of August and September, 1973, but was not paid. Richard testified that the due but unpaid rent amounted to $833.32.

Therefore, $833.32 was the amount which the Watsons could have properly been awarded.

Inasmuch as the trial court's award was approximately 20 times the proper amount, it is obvious that the trial court considered some improper element of damages.

Its judgment containing the erroneous award must therefore be reversed.

*ISSUE FOUR:*

Ronald lastly attacks that portion of the trial court's judgment in which it valued his personal property at $3,089.29.

He testified that the restaurant equipment cost $20,500. The Watson's appraiser-witness valued it at approximately $2,600, without objection. On cross-examination, he stated that he did not sell used restaurant equipment.

Ronald asserts that the trial court erred by not accepting his opinion while embracing the opinion of the Watson's witness. However, we cannot disturb the trial court's valuation in the face of the differing opinions. TR. 52 (A) ; *Seco Chemicals, Inc.* v. *Stewart, supra.*

## CONCLUSION

Pursuant to Ind. Rules of Procedure, Appellate Rule 15 (N) we hereby reverse the trial court's judgment as to Opal and remand this cause with instructions that the trial court vacate its judgment as to her.

We also hereby reverse the trial court's remaining judgment as to the award of damages therein and remand with instructions that the trial court grant *one* of the following forms of relief, at the option of the Watsons:

1. Amend its judgment to award the Watsons no damages, but retain the award to them of title to Ronald's personal property. This relief shall be subject to Ronald's right to request in writing within 30 days of notice of the amendment of the judgment a commercially reasonable sale of the personal property awarded to the Watsons. If Ronald properly requests such a sale, it shall be held with the proceeds therefrom applied first to the Watsons' expenses of retaking the property and preparing it for sale and to the expenses of the sale, then $833.32 to the Watsons, and the remainder to Ronald.

2. Or, enter judgment for the Watsons, and against Ronald in the amount of $833.32 and costs, but not awarding the Watsons title to Ronald's personal property—against which the Watsons may enforce their judgment by writ of execution pursuant to Ind. Rules of Procedure, Trial Rule 69.

3. Or, grant the Watsons a new trial against Ronald on the issue of damages.

Judgment affirmed as to Ronald's liability but reversed as to Opal and the amount of damages awarded to the Watsons.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 359 N.E.2d 615.