R. ALBERT ANDERSON, INDIVIDUALLY AND D/B/A GOLF COURSE CONSTRUCTION CO. v. THE BROADMOOR CORPORATION.

[No. 3-775A156. Filed June 9, 1977. Rehearing denied July 20, 1977.]

*George Vann, Barce, Barce & Vann,* of Kentland, for appellant.

*Kenneth D. Reed, Joseph P. Allegretti, Abrahamson, Reed & Tanasijevich, of Hammond,* for appellee.

STATON, P.J. After the trial court entered a summary judgment against R. Albert Anderson, he brought this appeal. His appeal to this Court asserts that error was committed when the procedural requirements for a default judgment were not strictly observed by the trial court.

Upon an examination of the record, we conclude that the judgment entered by the trial court was a summary judgment and not a default judgment. Finding no error, we affirm.

## I.

### Chronology of Proceedings

Broadmoor had contracted with Anderson in May, 1969, for Anderson to design and construct an eighteen-hole golf course. In February, 1970, Broadmoor filed a complaint against Anderson alleging breach of that construction contract and fraud. Anderson answered the complaint in December, 1971, essentially denying the breach and the fraud; the trial court granted a thirty-day extension of time in which Anderson might file a counter-claim. On April 11, 1974, Broadmoor moved the court to assign the matter for pre-trial conference. November 15, 1974, was assigned for pre-trial conference.

On November 12, 1974, Anderson's attorney of record, Paul Huebner, filed his motion to withdraw; he showed prior service of notice to his client. The trial court granted the motion to withdraw;[1] the court granted Anderson two additional weeks to obtain counsel.

On November 27, 1974, Broadmoor filed its motion for summary judgment, and the trial court set the hearing on the motion for December 10, 1974. Broadmoor appeared at the hearing on December 10, 1974, but Anderson did not; the

1. Anderson claims that he never received the court order granting the withdrawal. However, Anderson *does* admit that he received a letter from his attorney in April, 1974, in which the attorney informed him that unless he received payment for services rendered up until April, he would move to withdraw within thirty days.

minutes of the court reflect that "the defendant comes not and is defaulted"; a hearing was held and concluded on the summary judgment motion.

At that December 10, 1974, hearing, Broadmoor introduced, by way of affidavit, evidence that Anderson had knowledge of the hearing. Anderson or his wife had signed the United States mail receipts on the letters which informed Anderson of the pending motion. Broadmoor further stated in an affidavit that his attorney had been contacted by phone on December 6, 1974, by Anderson and was informed that: Anderson had no need of an attorney to represent him in the action because he had had two years of law instruction, and that he had no intention of returning from Florida for the hearing as any Indiana judgment would not be enforceable against him in Florida.

On December 20, 1974, the trial court granted Broadmoor's motion for summary judgment and set the damages at $582,397.12. In its judgment, the court specifically found that Anderson "had due process and adequate notice of said proceedings and . . . failed to appear. . . . The Court further finds that there is no genuine issue as to any material fact of liabilities or damages and that the plaintiff is entitled to judgment against the defendant as a matter of law. . . ."

On February 18, 1975, new counsel entered an appearance for Anderson and filed a motion to set aside the default judgment and a motion to correct errors. After a hearing, both motions were denied. Anderson then filed a motion to correct errors addressed to the denial of the motion to set aside the default judgment; that motion was denied. In ruling on the motions, the court noted that Anderson

". . . had adequate notice of the date for hearing the motion for summary judgment but discharged one of his attorneys just before the hearing, and the Court believes with instructions that he not appear; that the Court feeling that the defendant had adequate notice of the proceedings, heard evidence concerning the damages sustained and that said

damages were amply sustained by the evidence adduced on the date set for hearing."

## II.

### Summary Judgment v. Default Judgment

Anderson has not alleged error in the granting of summary judgment. Rather, Anderson bases his entire appeal upon the assumption that the minute-book entry which used the phrase "defendant . . . is defaulted" is conclusive proof that the trial court granted a default judgment.[2] After reviewing the entire record, we can only conclude that the "default" terminology used one time in the minute-book *entry* does not alter the fact that the *proceedings* before the trial court were held pursuant to a proper summary judgment motion, and that the only *judgment* rendered was on that summary judgment motion. *Robbins* v. *Robbins* (1976), 171 Ind. App. 509, 358 N.E.2d 153.

Indiana Trial Rule 56(C) provides that the motion for summary judgment "shall be served at least ten [10] days before the time fixed for the hearing." Anderson, in his affidavit in support of his motion to set aside the "default judgment," stated that he received a letter on November 30, 1974, informing him of the motion for summary judgment. Anderson argues that he did not know then that his attorney had withdrawn, and was relying upon his attorney to inform him of the date of the hearing on the summary judgment motion. This argument is spurious: (1) Anderson admits receiving a letter in April, 1974, from his attorney, in which his attorney informed him that if he was not paid he would move to withdraw within thirty

---

2. *See* 3 HARVEY, INDIANA PRACTICE 519, wherein the Civil Code Study Commission Comments to Rule 55(A) are quoted: "The entry by default is in no sense a judgment by default." Dean Harvey ascribes to TR. 55(A) the purpose of making "a record of an act, or the failure to act, and nothing more. . . . [I]t permits a rather mechanical, perfunctory act by the clerk. . . ." *Id.* at 522. This perfunctory act is all that appears in the record of this case. There was no default judgment for the court to set aside.

days; and (2) Anderson admits that *he* had *actual* notice of the summary judgment hearing on December 6, 1974; yet he made no affirmative effort to seek a continuance from the court. Anderson's inaction as of December 6, 1974, demonstrates the weakness of his default judgment argument.

 TR. 56(C) provides in pertinent part that

"[t]he judgment sought *shall* be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (Emphasis added).

 TR. 56(E) elucidates by stating that

"[w]hen a *motion for summary judgment is made* and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *shall* be entered against him. . . ." (Emphasis added).

Anderson does not deny that he failed to set forth specific facts showing a genuine issue for trial. The only evidence before the judge was Anderson's mere denials. *See Letson* v. *Lowmaster* (1976), 168 Ind. App. 159, 341 N.E.2d 785.

Anderson contends that he was harmed because the judgment entered by the trial court was a default judgment. It was not. Moreover, we note that the notice requirement under Indiana Trial Rule 55(B) is three [3] days. This is *more* stringent notice than the ten [10] days' notice required for TR. 56; furthermore, the three-day notice was actually met in Anderson's case; yet, Anderson failed to act.

A hearing on a motion for summary judgment is *no* less important than is a hearing on a motion for a default judgment under Indiana Trial Rule 54(C) a summary judgment qualifies as a final judgment and a trial court may award "the relief to which the party in whose favor it is rendered

is entitled, even if the party has not demanded such relief in his pleadings." A TR. 55 judgment is limited to the amount prayed for in the pleadings. If Anderson was harmed, he was harmed not by the action of the court but rather by his own voluntary decision not to act.

Anderson has failed to support his thesis that a default judgment was rendered in his case. The record clearly shows that the court made its decision upon a summary judgment motion and upon summary judgment grounds. Anderson has not directed our attention to any error in the summary judgment, and we will not search the record for reversible error. *Wilson* v. *Jerry Miller, Inc.* (1973), 157 Ind. App. 135, 299 N.E.2d 177.

We affirm.

Hoffman and Garrard, JJ., concur.

NOTE.—Reported at 363 N.E.2d 1042.