**In re Marriage of Launa R. SOWERS**

v.

**Ronald L. SOWERS.**

**No. 3–1180A346.**

Court of Appeals of Indiana,
Third District.

Nov. 24, 1981.

Jerrald A. Crowell, Joseph W. Ruppert, Bowman & Crowell, Fort Wayne, for petitioner-appellant.

James R. Solomon, James R. Solomon & Associates, Ronald L. Sowers, Sowers & Benson, Fort Wayne, for respondent-appellee.

GARRARD, Judge.

This appeal arises from the trial court's granting of a Trial Rule 60 motion for relief from a judgment by the respondent, husband, in a marriage dissolution action in which the petitioner, wife, secured a default judgment.

The wife contends that the granting of the motion for relief from judgment was improper on several grounds:

1. That the motion failed to allege or demonstrate a meritorious defense;

2. That the motion failed to specify the surprise, mistake or excusable neglect relied on;

3. That the motion was granted *ex parte* and that she, as opposing party, was not afforded 15 days to respond;

4. That the motion was not sufficient as a TR 59 motion to correct errors;

5. That the trial court committed error by failing to specifically state reasons for granting the motion.

We agree in principle with her third contention and accordingly find a remand necessary.

The relevant facts disclose that the wife filed her action for dissolution of marriage on March 17, 1980. A final "uncontested" hearing for the dissolution was set for July 7, 1980. On July 1, 1980 the wife's attorney wrote to the husband suggesting a property settlement. The letter requested that the husband immediately contact the attorney if the proposed settlement was acceptable and went on to say that if it was not acceptable, a contested hearing would have to be scheduled. The husband did not respond. The husband assertedly believed that upon this state of affairs the "uncontested" hearing would be cancelled, the matter would be reset as "contested" and he would be notified. Accordingly, he did not appear on the hearing date. However, on that date the wife appeared with counsel and a default judgment was entered.

On August 15, 1980 the husband filed a motion for relief from judgment alleging that the July 1 letter had led him to believe that the July 7 hearing would not be held,

and that misstatements and inaccuracies improperly formed the basis for the July 7 decree. However, his motion was unaccompanied by a certificate of service and from the record it appears that the wife's first notice of the motion for relief from judgment was obtained when she was notified that the trial court had granted the motion on August 21, 1980. The wife then filed a motion to reconsider on August 26, 1980 but when the hearing on that motion was rescheduled from September 2 to October 27, 1980, she filed a praecipe and proceeded with this appeal.

■ We first consider whether the wife was required to file a motion to correct errors addressed to the court's ruling on the TR 60 motion in order to properly bring this appeal. We conclude this was not necessary. We have previously recognized that in this area, Indiana Rules of Procedure, Trial Rules 60 and 59 overlap. *In re Marriage of Robbins* (1976), 171 Ind.App. 509, 358 N.E.2d 153.

> "Therefore, a TR 60 purpose stated in a motion, regardless of its denomination, should be treated as a TR 59 motion if it is filed within the sixty day period after judgment. No further motion to correct errors is required for an appeal."

358 N.E.2d at 155. *See also Roberts v. Watson* (1977), 172 Ind.App. 108, 359 N.E.2d 615. Both cases limited the application of their approach to circumstances where the trial court had not changed its judgment, *Robbins, supra,* at 155, n.4; *Roberts, supra,* at 619, n.1. However, under the authority *State v. DePrez* (1973), 260 Ind. 413, 296 N.E.2d 120, it was necessary that they do so. Since *P–M Gas & Wash Co., Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592 expressly overruled *DePrez* and its progeny, the reason for that restriction is no longer present. In addition, we feel the philosophy of *P–M Gas* supports the extension of the *Robbins* rationale. As the *P–M* court stated:

> "One motion for each party or each appellant, if there is more than one, shall be sufficient. That will give the trial court its opportunity to remedy error, and it will serve the other purposes, too.

> Once it is made and acted upon, whatever action the trial court takes, then the items specified in that motion, and the trial court's disposition constitute the basis for the appellant's appeal. A second motion to correct error is not needed . . . ."

375 N.E.2d at 595.

> "If the appellant, on the other hand, is a party who seeks to reinstate a jury verdict, for example, after it was received by the appellant but changed as a result of a motion to correct error by the appellee, who now defends the final judgment entered, it is not necessary for that appellant to file a motion to correct error, if appellant does not raise error himself. If appellant seeks reinstatement of that jury verdict because it was incorrect for the trial court to have granted the appellee's motion to correct error, then it is not necessary for the appellant to do more than request relief on brief in the appellate court. The 'complaint on appeal' will be measured, in such an example, by the original verdict and judgment and the motion to correct error filed by the appellee and the favorable relief given to that motion by the trial court."

375 N.E.2d at 597. This position is further reflected in the amendment to Trial Rule 59(F) which states that a party prejudiced by any modification of a final judgment, following the filing of a motion to correct error, may appeal that ruling without filing another motion to correct error.

■ Since the husband had filed a TR 60 motion for relief from judgment within 60 days of the original judgment, it should be treated as a TR 59 motion for purposes of perfecting an appeal. *Robbins, supra.* (*Contra, Dawson v. St. Vincent Hospital & H.C.C., Inc.* (4th Dist., 1981) Ind.App., 426 N.E.2d 1328. Since the wife was a party prejudiced by the ruling on that motion, she falls within the ambit of TR 59(F). Therefore, her appeal is properly before us and no jurisdictional challenge arises because of her failure to file an additional motion to correct errors.

■ We turn now to the wife's third issue, which asks whether the hearing on a

motion for relief from judgment can be held *ex parte* and without notice. When a TR 60 motion is made, notice to opposing parties and a hearing are required. The Indiana Supreme Court has said:

> "... [W]e think it is clear that Rule TR 60(B) does not authorize a trial judge to set aside a judgment absent a motion by a party. Further, if a motion under Rule TR 60(B) is made by a party; notice to the opposing party and a hearing thereon is required before an order may be issued."

*State ex rel. AAFCO H. & A. C. Co., Inc. v. Lake Superior Ct.* (1975), 263 Ind. 233, 328 N.E.2d 733, 734. *See also Gemmer v. Diehl* (1980), Ind.App., 411 N.E.2d 1248.

In the case before us the wife was not given notice of the TR 60(B) motion for relief from judgment, nor was she given an opportunity to present her case for upholding that judgment before the trial court ruled on the motion.

We hold that this necessarily constituted reversible error, analogous to that recently determined by our Supreme Court in *Otte v. Tessman* (1981), Ind., 426 N.E.2d 660 where the trial court failed to give notice and the opportunity for hearing in ruling on a motion for summary judgment.

The wife was entitled to notice and the opportunity to be heard before the court set aside the judgment. Moreover, since the rationale of *Robbins* treats the motion as made pursuant to TR 59, the requirements of 15 days reply time established by TR 59(H) should apply.

While we believe that a party's opportunity to be heard mandates a remand in this appeal, we wish to be understood as addressing only that procedural issue. If upon proper hearing the court were to reach the same conclusion upon the same essential evidence we would find no abuse of discretion in setting aside the judgment. *See, e. g., Soft Water Utilities v. LeFevre* (1973), 261 Ind. 260, 301 N.E.2d 745.

Reversed and remanded.

HOFFMAN, P. J., and STATON, J., concur.