**Ken PARRISH, d/b/a Floor Walls, Etc., Appellant (Defendant Below),**

v.

**Steven J. TOTH, d/b/a Professional Plaza, Appellee (Plaintiff Below).**

No. 20A03–8912–CV–561.

Court of Appeals of Indiana,
Third District.

Sept. 12, 1990.

William L. LaBre, LaBre & Associates, Edwardsburg, Mich., for appellant.

Glenn E. Killoren, Margaret C. O'Donnell, Elkhart, for appellee.

STATON, Judge.

Ken Parrish appeals a judgment entered against him for rent and attorney fees, presenting the following issues for our review:

I. Did the trial court err in converting Toth's Motion for Default Judgment into a Motion for Summary Judgment?

II. Did the trial court err in entering partial summary judgment in favor of Toth?

III. Did the trial court err in declining to explicitly rule on Parrish's Motions for Relief from Order and Amendment of Answer?

IV. Did the trial court err in its computation of damages?

We affirm.

On July 5, 1988 Ken Parrish entered into a 3 year lease of a section of "The Professional Plaza" in Elkhart, Indiana. Soon thereafter, he complained to Steven Toth, the lessor, regarding inadequate maintenance and lighting of common areas. At the end of February, 1989, Parrish vacated the premises and ceased to pay rent. On March 31, 1989, Toth filed a Complaint against Parrish, seeking 29 months rent, clean-up costs, attorney fees and interest.

Parrish filed a *pro se* Answer with the Court, but failed to serve Toth with a copy. On May 10, 1989, Toth filed a Motion for Default Judgment, which was converted into a Motion for Summary Judgment. The court, noting that Parrish's Answer would also be treated as a Motion for Summary Judgment, set the matter for hearing on May 22, 1989 and directed the clerk to give notice to the parties.

On May 22, 1989 the parties appeared, Parrish appearing *pro se*. A hearing was held in chambers, during which Parrish admitted vacating the premises and failing to pay rent. The court found that the terms of the Lease had been breached and entered partial summary judgment in favor of Toth. A hearing upon the issue of damages was set. On June 30, 1989 Parrish appeared with counsel and was granted a continuance.

On July 14, 1989, Parrish filed in open court an Amended Answer, raising as affirmative defenses (1) failure of Toth to mitigate his damages, (2) unenforceability of the lease as an unconscionable adhesion contract and (3) right of set-off due to Toth's failure to maintain common areas. On September 14, 1989 Parrish filed a Motion to Amend Answer, seeking explicit acceptance of his July 14 Answer. He also filed a Motion for Relief from Order, requesting that the court set aside its partial summary judgment order.

At a September 21, 1989 hearing, argument was heard on Parrish's motions. The court implicitly denied Parrish's Motion for Relief, noting that no dispute existed regarding matters already heard (*i.e.* breach of the lease). Although not explicitly ruling on the Motion to Amend Answer, the court indicated that Parrish could assert a right of set-off during the presentation of damages evidence.

The damages evidence was heard on September 21 and November 2, 1989. On November 7, 1989, the court entered judgment, awarding Toth rent, clean up costs and attorney fees, less a set-off for common area maintenance charges. The court specifically found that the lease was valid and enforceable and that Toth had made reasonable efforts to relet the premises. This appeal ensued.

I.

*Conversion of Motion for Default Judgment into Motion for Summary Judgment*

■ Parrish claims that the conversion of Toth's Motion for Default Judgment into a Motion for Summary Judgment was invalid for two reasons. First, he contends that the trial court moved *sua sponte* for

summary judgment and that it lacked authority to do so.[1] Secondly, he contends that he received insufficient notice.

Parrish personally appeared at the May 22, 1989 summary judgment hearing, and made no objection premised on lack of notice or lack of authority of the court to convert a motion for default judgment into a motion for summary judgment. Therefore, he may not properly raise these issues for the first time on appeal. *Koop v. Bailey* (1986), Ind.App., 502 N.E.2d 116, 118.

Moreover, had Parrish's allegations of error been properly preserved for appeal, they would nevertheless fail. Parrish asserts that a trial court is prohibited from *sua sponte* converting a motion for default judgment into a motion for summary judgment, citing *State ex. rel. Van Buskirk v. Wayne Township* (1981), Ind.App., 418 N.E.2d 234. To the contrary, the *Van Buskirk* court opined that a trial court should *rarely* enter judgment *sua sponte* on an issue upon which no party moved for summary judgment, as the non-movant must be afforded an opportunity to meet the proposition that there was no genuine issue of material fact. *Id.* at 247. Here, Parrish was clearly given this opportunity, having the benefit of both notice and a hearing before summary judgment was entered.

Parrish admits that he received notice of the summary judgment hearing, but complains that he was not contemporaneously served with a copy of Toth's Motion for Default Judgment and Affidavit in support thereof. He correctly asserts that a judgment entered without notice must be set aside. *Mathys v. City of Berne, Inc.* (1986), Ind.App., 501 N.E.2d 1142; *Keiling v. McIntire* (1980), Ind.App., 408 N.E.2d 565. However, he fails to recognize that the cases upon which he relies are clearly distinguishable from his own. *Keiling* involved a default judgment where a party *had no notice of the institution of the action against him*. *Mathys* involved an entry of summary judgment without a hearing, whereby the complaining party

was deprived of an opportunity to oppose the entry of judgment.

## II.

### *Entry of Partial Summary Judgment*

Secondly, Parrish contends that the court's entry of partial summary judgment in favor of Toth was erroneous. He argues that the court's finding that the terms of the lease were breached ignores his right to abandon the premises under the doctrine of constructive eviction. *See, e.g., Sigsbee v. Swathwood* (1981), Ind.App., 419 N.E.2d 789. Toth responds that the issue of constructive eviction was ignored by the court because Parrish failed to raise the issue.

Parrish does not contend that he tried to raise an issue of constructive eviction at the May 22, 1989 hearing at which partial summary judgment was entered. He does admit that "apparently at the summary judgment hearing he acknowledged he left the leased premises and had not paid rent thereafter." (Appellants Brief at page 12).

Ind.Rules of Procedure, Trial Rule 56(E) provides that a party opposing the entry of summary judgment may not merely rest on the allegations or denials of his pleading, but is to set forth specific facts showing there is a genuine issue for trial.

Parrish failed to assert the existence of a genuine issue of material fact, perhaps due to his unawareness of his burden to do so. However, he may not predicate error upon his voluntary refusal to obtain legal counsel for approximately three months after Toth filed suit against him.

## III.

### *Motions for Amendment and Relief*

Parrish next contends that the trial court erred in failing to explicitly rule on his Motion to Amend Answer and Motion for Relief. His Amended Answer was implicitly accepted by the court, while his Motion for Relief was implicitly denied.

---

1. Toth maintains that he moved for Summary Judgment after being advised that Parrish had filed an Answer. The record is silent with respect to the origination of the Motion.

Parrish moved to set aside the summary judgment pursuant to Ind.Rules of Procedure, Trial Rule 60, which provides for relief from an entry of default or final order or final judgment. He claims that the trial court's failure to provide such relief left him without an alternative remedy and deprived him of a fair trial. As he cites no authority in support of this contention, we need not address the appropriateness of his T.R. 60 motion to request the setting aside of partial summary judgment.

## IV.

### Computation of Damages

Lastly, Parrish contends that the trial court erred in including in the computation of damages rental payments not accrued as of the date of judgment. He correctly claims that rent installments not yet due and owing may not be recovered. *Roberts v. Watson* (1977), 172 Ind.App. 108, 359 N.E.2d 615 *trans. denied.* However, he fails to acknowledge that his entire lease balance became due upon an event of default, pursuant to an acceleration clause of Section 19.02 of the lease entered into evidence by stipulation of the parties.

Affirmed.

HOFFMAN, P.J., and SULLIVAN, J., concur.