WILLIAM EASLEY, HOWARD M. HARMLESS AND BETTY ANN HARMLESS, D/B/A MAYTAG COIN LAUNDRY *v.* MARY ALETHA WILLIAMS.

[No. 1-374A36. Filed July 25, 1974.]

*Frank J. Price, Ricos, Wade and Price,* of Indianapolis, for appellant Easley; *James E. Rocap, Jr., Joseph Stevenson, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellants Harmless.

*Lewis & Hardin,* of Danville, *John T. Hume, III, Smith and Jones,* of Indianapolis, for appellee.

PER CURIAM—This cause is pending before the Court on the appellee's Motion to Dismiss the Appeal of Appellants Howard M. Harmless and Betty Ann Harmless, d/b/a Maytag Coin Laundry. Appellee's Motion alleges that said appellants have neither filed a motion to correct errors nor an assignment of errors.

This was a cause of action for damages for personal injuries sustained by plaintiff-appellee, when she was allegedly struck by a truck operated by the defendant-appellant Easley as he was backing out of a driveway to a laundromat owned by the defendants-appellants Harmless. After trial to a jury, a verdict was returned for the defendants and judgment was entered accordingly.

Thereafter the plaintiff-appellee filed her motion to correct errors alleging eight specifications of error and praying

that the judgment be set aside and a new trial be granted. The trial court granted the motion to correct errors and its order thereon is as follows:

"The court, being advised, finds that the court erred in the trial of this cause as set out in plaintiff's Motion to Correct Errors under plaintiff's specification number 2 by giving defendant Harmless' tendered instruction number 4, for the reason that the choice of ways doctrine was not applicable in that all the evidence indicated that the plaintiff was on a sidewalk or walkway which was an extension of two designated sidewalks and that she was not required to choose between that way which was a public right-of-way and a more devious route which would have been on the defendant Harmless' property, and that said instruction incorrectly advised the jury upon the law of the case. The court further erred as set out in specification number 6 of plaintiff's motion to correct errors in that the court gave repeated instructions referring to or applying the doctrine of contributory negligence and that said doctrine was so stressed that it tended to overemphasize the duty owed by plaintiff. The court further finds that these errors cannot be corrected except by the granting to plaintiff a new trial.

"Plaintiff's Motion to Correct Errors is, therefore, now sustained and plaintiff is granted a new trial as against the defendants William Easley and Howard Harmless and Betty Ann Harmless, d/b/a Maytag Coin Laundry."

The defendant-appellant Easley filed a Motion to Correct Errors directed to this ruling. The defendants-appellants Harmless did not. The appellee's Motion alleges that appellants Harmless should have filed such a motion, pursuant to Rule AP. 7.2(A)(1) as interpreted by the cases of *State* v. *DePrez* (1973), 260 Ind. 413, 296 N.E.2d 120, and *Inkoff* v. *Inkoff* (1974), 159 Ind. App. 239, 306 N.E.2d 132.

In the case of *State* v. *DePrez* (1973), 260 Ind. 413, 296 N.E.2d 120, the Supreme Court considered the problem raised when the trial court, in ruling on a motion to correct errors, does something other than merely granting or denying the motion. In *DePrez* the trial court first entered a simple judgment of dismissal. Thereafter, in ruling on the motion to correct errors, the trial court entered special findings of

fact, conclusions of law and judgment, affirming the dismissal. On appeal to the Supreme Court of Indiana, the appellee filed a motion to dismiss alleging, in part, that no motion to correct errors was ever filed addressed to the final judgment of the trial court. Our Supreme Court sustained the appellee's motion, holding that the ruling on the motion to correct errors was a new judgment, to which a subsequent motion to correct errors should have been addressed, because the court made new findings of fact and conclusions of law, even though the judgment of dismissal was the same. Chief Justice Arterburn, speaking for the Court, stated:

"If the trial court had simply either granted or denied that Motion to Correct Errors such step would have constituted the final judgment from which this appeal could have been taken without further ado. Rule AP. 4.

"However, because of the insufficiency of the November 4, 1970 entry in light of the attack made upon it by the State's Motion to Correct Errors, the trial court entered a completely new entry of February 3, 1971, pursuant to Rule TR. 52(B), constituting new findings of fact and a new judgment as authorized further by Rule TR. (59) (E). This new entry for the first time set forth the reasons in fact and in law upon which the trial court's dismissal was based. If they were in error, then a Motion to Correct Errors was clearly necessary. Thus, the February 3, 1971 entry became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP. 4, should have been filed."

This Court had occasion to consider the same problem in the case of *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377. In *Davis*, following a decree of divorce and distribution of the marital estate, the wife filed a motion to correct errors, alleging the court had erred in the division of the property. The trial court granted her motion, and entered an amended judgment which increased the amount of the property awarded to her. The husband sought to appeal this ruling without filing a subsequent motion to correct errors on his own behalf.

On appeal to this Court, the appellee wife filed her motion

to dismiss alleging that the trial court's ruling on the motion to correct errors constituted a new judgment, to which a second motion to correct errors should have been filed. This Court, following the decision of the Supreme Court in *State* v. *DePrez, supra,* sustained the appellee's motion to dismiss, stating:

> "Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if the trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amendments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken. With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged errors in the appeal process. The first sentence of Rule AP. 4(A) referring to appeals 'from all final judgments,' as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment is thus given force and effect."

In *State* v. *Kushner et al.* (1974), 160 Ind. App. 464, 312 N.E.2d 523, the trial court sustained the appellee's Motion to Correct Errors and granted a new trial subject to additure. In ruling on the Motion to Correct Errors, the trial court made new findings and entered a new judgment. We there held that because the Court's ruling constituted new findings and a new judgment, the appellant should have filed a Motion to Correct Errors directed to this new judgment as a condition precedent to any appeal therefrom.

In *Wyss et al.* v. *Wyss et al.* (1974), 160 Ind. App. 281, 311 N.E.2d 621, the effect of the trial court's ruling on the Motion to Correct Errors was the same as the original judgment. However, in ruling on the Motion to Correct Errors the trial court made new and additional findings not contained in the original judgment. We there held that a subsequent Motion to Correct Errors was required to have been filed in order to preserve any error on appeal.

All of these previously discussed cases differ from the

case now before us in that in each of those earlier cases, a new judgment resulted from the trial court's ruling on the original Motion to Correct Errors. However in this case, the court's ruling on the Motion to Correct Errors, abolished the original judgment by granting a new trial, and no new judgment resulted. Therefore, no subsequent Motion to Correct Errors was required.

This is exactly the type of case Chief Justice Arterburn spoke of in *State* v. *DePrez, supra,* when he stated:

"If the trial court had simply . . . granted . . . the Motion to Correct Errors such step would have constituted the final judgment from which this appeal could have been taken without further ado."

The final judgment in this case is deemed to be the granting of the new trial, from which an appeal may be taken pursuant to Rule AP. 4(A).

The appellee's Motion to Dismiss is denied.

NOTE.—Reported at 314 N.E.2d 105.