FRANK J. KOZIOL, JR., ROBERT BALASH AND CHESTER KANTZ, JR. *v.* LAKE COUNTY PLAN COMMISSION.

[No. 3-973A119. Filed August 13, 1974.]

*Joseph S. Guastella,* of Valparaiso, for appellants.

*Fred M. Cuppy, Gerald K. Hrebec,* of Gary, *William J. Muha,* of Highland, for appellee.

PER CURIAM.—This cause is pending before the Court on the appellee's Motion to Dismiss Appellants' Appeal or Affirm the Trial Court's Judgment. Said motion alleges, *inter alia,* that the appellants have failed to file a Motion to Correct Errors addressed to the final judgment of the trial court.

The record reveals that on October 10, 1972, the trial court made its Special Findings of Fact, Conclusions of Law, and entered judgment thereon. Thereafter, the appellants filed their Motion to Correct Errors. The trial court subsequently ruled on the Motion to Correct Errors, and in so doing, made new and additional Findings of Fact, Conclusions of Law and again entered judgment. The appellants did not file a subsequent Motion to Correct Errors directed to this ruling, but instead, filed their präecipe and thereafter perfected the appeal by filing the record of the proceedings with the Clerk of this Court.

Our examination of the record reveals that while the effect of the judgment was the same after the trial court ruled on the Motion to Correct Errors, nonetheless when he ruled on the Motion to Correct Errors, he did make several new and additional findings not contained in his original judgment. This being the case, the appellants should have filed a Motion to Correct Errors addressed to the new judgment as a condition precedent to any appeal from that judgment.

Both our Supreme Court and this Court have spoken on this problem.

In the case of *State* v. *DePrez* (1973), 260 Ind. 413, 296 N.E.2d 120, the trial court first entered a simple judgment of dismissal. Thereafter, in ruling on the Motion to Correct

Errors, the trial court entered special findings of fact, conclusions of law, and judgment which again dismissed the case. On appeal to the Supreme Court of Indiana, the appellee filed a Motion to Dismiss alleging in part that no Motion to Correct Errors was ever filed addressed to the trial court's final judgment. Our Supreme Court sustained appellee's Motion to Dismiss, held that the ruling on the Motion to Correct Errors was a new judgment to which a subsequent Motion to Correct Errors should have been addressed, because the Court made new findings of fact and conclusions of law, even though the judgment of dismissal was the same. Chief Justice Arterburn in speaking for the Court stated:

> "If the trial court had simply either granted or denied that Motion to Correct Errors such step would have constituted the final judgment from which this appeal could have been taken without further ado. Rule AP. 4.

> "However, because of the insufficiency of the November 4, 1970 entry in the light of the attack made upon it by the State's Motion to Correct Errors, the trial court entered a completely new entry of February 3, 1971, pursuant to Rule TR. 52(B), constituting new findings of fact and a new judgment as authorized further by Rule TR. 59(E). This new entry for the first time set forth the reasons in fact and in law upon which the trial court's dismissal was based. If they were in error, then a Motion to Correct Errors was clearly necessary. Thus, the February 3, 1971 entry became the final judgment, to which a Motion to Correct Errors, referred to in Rule AP. 4, should have been filed."

This Court had before it the same problem in the case of *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377. In *Davis* following a decree of divorce and distribution of the property, the wife filed a Motion to Correct Errors alleging that the Court had erred in the matter of the division of the marital estate. The trial court granted her Motion to Correct Errors, and entered an amended judgment which increased the amount of property awarded to the wife. The husband sought to appeal this ruling without first filing a

Motion to Correct Errors addressed to this amended judgment.

On appeal to this Court, the appellee wife filed a motion to dismiss alleging the trial court's ruling on the motion to correct errors constituted a new judgment to which a second motion to correct errors should have been addressed. This Court, following the ruling in *DePrez, supra,* sustained the appellee's motion and stated:

"Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if a trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amendments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken. With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged errors in the appeal process. The first sentence of Rule AP. 4(A) referring to appeals 'from all final judgments,' as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment, is thus given force and effect."

These cases have been followed in the later cases of *Wyss* v. *Wyss* (1974), 160 Ind. App. 281, 311 N.E.2d 621, and *State* v. *Kushner* (1974), 160 Ind. App. 464, 312 N.E.2d 523. In the case now before us, the appellants, as the appellants in the above cited cases, failed to file a Motion to Correct Errors addressed to the final judgment of the trial court. Having failed to file their Motion to Correct Errors, appellants have no standing to prosecute an appeal from that judgment.

The appellee's Motion to Dismiss is sustained, and this cause is dismissed.

NOTE.—Reported at 315 N.E.2d 375.