ROBERT J. MILLER, JOHN SASSER AND SIMS MOTOR TRANSPORT, INC., A/K/A STEEL AND STONE TRANSPORT CORP. *v.* JAMES D. MANSFIELD AND YVONNE MANSFIELD.

[No. 3-773A84. Filed June 26, 1975. Rehearing denied August 7, 1975.]

*Frank J. Galvin, Jr., M. Royce Galvin, Galvin, Galvin &*

*Leeney,* of counsel, of Hammond, *Karl M. Jacobs,* of Fowler, for appellants.

*Lowell E. Enslen, Herbert E. Boase, McHie, Enslen & Moran,* of counsel, of Hammond, *John W. Barce, Elwood, Barce & Vann,* of counsel, of Fowler, for appellees.

HOFFMAN, J.—This is an appeal by defendants-appellants Robert J. Miller, John Sasser and Sims Motor Transport, Inc., a/k/a Steel and Stone Transport Corp. (Miller) from the granting of certain portions of a motion to correct errors filed by James D. and Yvonne Mansfield.

On August 18, 1970, James Mansfield filed a complaint against Miller seeking recovery for personal injuries sustained in a collision between an automobile driven by Mansfield and a truck driven by Robert J. Miller. On the same date, Yvonne Mansfield, James' wife, filed a complaint against Miller seeking recovery for loss of consortium and for damages to her automobile. Following trial before a jury, a verdict was returned in favor of Miller. The Mansfields thereafter filed a motion to correct errors and on April 16, 1973, such motion was granted in part and overruled in part. A new trial was granted and the verdict of the jury was set aside. The trial court's ruling on the motion to correct errors, omitting caption and formal parts, reads as follows:

"Comes now the Court and the Court, having heretofore heard argument on Plaintiff's Motion To Correct Errors and the Court, having examined Defendant's Response to said Motion, the Court now finds that said Motion to Correct Errors should be overruled as to all allegations of error based upon the evidence introduced at the time of the trial and as to claim of error by reading Defendant's Instructions Nos. 4 and No. 9. The Court further finds that said Motion should be sustained as to the allegations of admitting into evidence Defendant's Exhibit No. 7 and as to the allegations in said Motion that the Court refused to give Plaintiff's Tendered Instruction No. 13. Defendant's Exhibit No. 7 was a photograph which, at the time it was offered into evidence, had to be corrected by marking off certain portions and instructing the jury to ignore those parts so marked off. It is the opinion of the Court, at this time, that the admis-

sion of said Defendant's Exhibit No. 7 was in fact error which prejudiced the Plaintiff's right in this trial.

"It is also the opinion of this Court that the failure to give Plaintiff's Instruction No. 13 constituted reversible error for the following reasons:

"The Defendant's counsel asked a witness, one Jerry Gray, a series of questions which implied that Mr. Gray had informed Defendant's counsel (father and son) that he was interested in money for his testimony. Defendant's counsel, Mr. Galvin, although present in Court, chose not to testify in view of the fact that to do so would require him to remove himself as counsel for any further proceedings in this cause. Mr. Gray turned out to be the only independent witness with first hand knowledge of the accident involved. The failure of the Court to give Plaintiff's Instruction No. 13 could well have allowed the jury to have considered Mr. Gray's testimony in a prejudicial light as, the questions, referred to before, directly attacked the credibility of this witness. Defendant argues that the questions asked were proper Cross Examination but that they failed to constitute impeachment. By Defendant's own definition of 'impeachment' and impeaching questions, the Court now finds that, considering the questions referred to and the answers given, that the grounds for impeachment were, in fact, laid and that failure on the part of defense counsel to (produce) a witness to rebut the implication made, required the Court to instruct the jury to ignore all of that testimony of Mr. Gray. See: United States v. Bohle (C.A. 7, 1971), 445 F.2d 54 at p. 73.

"This Court is of the opinion that the word 'produce', as used in that opinion, means to place testimony in the record and not merely the presence of a witness in a courtroom.

"WHEREFORE, it is considered, ordered and adjudged that the Verdict of the jury heretofore entered in this cause, is hereby set aside and this cause is remanded for a new trial."

From the granting of the Mansfields' motion to correct errors, Miller has taken this appeal. See: Ind. Rules of Appellate Procedure, Appellate Rule 4(A).

The sole question which will be considered is whether, following the entry of judgment by the trial court granting, in part, appellees' motion to correct errors and ordering a new

trial, it was necessary that appellants file a motion to correct errors.

In *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377, at 380 (transfer denied), this court stated:

> "Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if a trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amendments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken. With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged errors in the appeal process. The first sentence of Rule AP. 4(A) referring to appeals 'from *all* final judgments' as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment, is thus given force and effect." (Footnote omitted.) See: *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120; *Koziol* v. *Lake County Plan Commission* (1974), 161 Ind. App. 232, 315 N.E.2d 374 (transfer denied); *Easley* v. *Williams* (1974), 161 Ind. App. 24, 314 N.E.2d 105; *State* v. *Kushner* (1974), 160 Ind. App. 464, 312 N.E.2d 523 (transfer denied); *Wyss* v. *Wyss* (1974), 160 Ind. App. 281, 311 N.E.2d 621 (transfer denied).

More recently, in discussing the application of the case of *State* v. *Deprez, supra,* to a situation in which a trial court, after granting a motion to correct errors, entered a new and amended judgment vacating its previous judgment, this court in *Weber* v. *Penn-Harris-Madison School Corporation* (1974), 162 Ind. App. 28, at 32, 317 N.E.2d 811, at 813, said:

> "This Court reads *Deprez* to mean that if the trial court, in ruling on the motion to correct errors, does anything other than simply granting or denying the motion, that ruling becomes a new judgment to which a new motion to correct errors must be directed. Therefore, *any* amendment of a judgment creates a new judgment which requires a motion to correct errors."

In the case at bar, the trial court granted, in part, appellees' motion to correct errors. Under the provisions of Rule AP.

4(A), *supra*, such is deemed a final judgment. By operation, it had the effect of vacating the trial court's previous judgment which was entered on the verdict of the jury. Thus, we must conclude that the entry of judgment granting appellees' motion to correct errors *and* ordering a new trial creates a new judgment necessitating a subsequent motion to correct errors.

Appeal dismissed.

Staton, P.J., concurs; Garrard, J., dissents with opinion.

### DISSENTING OPINION

GARRARD, J.—I dissent from what I deem to be the majority's blind application of the doctrine announced in *State v. Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, to the proceedings in this case.

Indiana Rules of Procedure, Trial Rule 59 must be read in conjunction with Appellate Rule 4(A) which provides in part:

> "A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom."

On the other hand, TR. 59 provides a much more broad authority for action by the trial court than simply granting or denying a new trial. TR. 59(E). In paragraph (G) it also requires that the error relied upon be presented by motion, however and whenever the error occurred prior to the time of filing.

When the trial court rules upon a TR. 59 motion it may amend findings already made or add new findings to correct an error or potential inadequacy perceived by the court. It may similarly alter, amend, modify or correct a judgment.

Where this is done, there is in reality a new judgment. Even where the change is in the findings and the previous judgment is re-entered, it is procedurally a new judgment for it is entered upon the findings. The procedural desirability of a new motion in such cases is logical. It eliminates continued

pursuit of an assignment of error in the original motion which is no longer pertinent. It places before the trial court, and this court for review, assignments and specifications which depend upon or arise out of the amendments or modifications made by the court in its ruling on the first motion.

When, however, the court in response to the first motion simply orders a new trial, those reasons for another motion to correct errors do not exist. There is simply no new judgment. Furthermore, that the court may assign reasons for its reversal does not as a practical matter make a new motion desirable. The viable error, if present, has already been considered by the trial court and needs no further preservation or amplification to enable us to make a proper review. The very expression of the reason by the court demonstrates its consideration of the issue and its conclusion thereon.

Furthermore, as set forth in the majority opinion, during trial the court admitted an exhibit which was clearly a discretionary matter since the exhibit did not purport to be a full and true representation of the interchange as it existed at the time of the collision.[1] The judge concluded that he had abused his discretion in admitting the exhibit and that this had denied a fair trial. TR. 59(A)(1). Although another judge might not have reached the same conclusion, I cannot say the trial judge clearly erred in his determination. He tried the case and is in the best position to decide upon the improper impact of the exhibit. Accordingly, I would affirm the grant of a new trial.

NOTE.—Reported at 330 N.E.2d 113.

---

1. Review of admitting this evidence should be distinguished from review where the question is restricted to a ruling on legal admissibility. In such instances, the trial court's inquiry on a motion to correct errors is to determine whether the item was admissible.