JAMES MINNETTE, JAMES LINDENSCHMIDT, RUSSELL SHELTON, ELMER REHRMAN, ALFRED NUHRING *v.* RUSSELL G. LLOYD, JOHN J. ZICCARDI, JOHN R. LAVENS, JR., WAYNE HARTIG, CLARK JOHNSON, JR.

[No. 1-974A137. Filed September 17, 1975. Rehearing denied October 15, 1975. Transfer denied March 31, 1976.]

*Matthews and Shaw,* Evansville, for appellants.

*John C. Cox, W. Jack Schroeder, Timothy R. Dodd, John Staser,* and *Michael Mitchell,* Evansville, for appellees.

LYBROOK, J.—Plaintiffs-appellants James Minnette *et al.* initiated this action by filing a complaint for injunctive relief on July 31, 1972, seeking *inter alia* to permanently restrain the Board of Public Safety of the City of Evansville from retaining one Thomas Bernard Zenthoefer as a member of the Evansville Fire Department. Defendants-appellees Lloyd *et al.* counterclaimed for declaratory judgment. The dispute herein concerned whether the Board of Public Safety of the City of Evansville or the Board of Trustees of the Firemen's Pension Fund had authority for promulgating rules and regulations for the appointment of members to the Evansville Fire Department.

Trial by the court resulted in findings against plaintiffs and in favor of defendants on plaintiffs' complaint and against defendants on their amended counterclaim. Judgment was entered accordingly on March 26, 1974.

Thereafter, plaintiffs and defendants each filed a motion to correct errors directed to the judgment. After hearing arguments on the motions, the trial court, on June 21, 1974, issued the following order:

"ORDER ON MOTIONS TO CORRECT ERRORS

The plaintiffs having filed herein their Motion to Correct Errors on the 15th day of April, 1974, and the defendants having filed herein their Motion to Correct Errors on the 25th day of April, 1974, and the Court having heard argument on said motions and being duly advised in the premises finds that the judgment entered herein on the 26th day of March, 1974, should be corrected and that both motions to correct errors should be overruled except as to the corrected judgment hereinafter set forth.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the Motions to Correct Errors

filed herein by the plaintiffs and by the defendants are hereby overruled.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED by the Court that the judgment entered herein on the 26th day of March, 1974, be corrected to read as follows:

Parties by Counsel; Court, having had matter under advisement, now finds for the defendants and against the plaintiffs on plaintiffs' complaint; Court further finds for the defendants on said defendants' Amended Counter-Claim that the Board of Public Safety of the City of Evansville is the sole authority to promulgate rules and regulations for the appointment of members of the Evansville Fire Department including the authority to establish visual requirements for said members; . . ."

Thereafter, plaintiffs, without benefit of an additional motion to correct errors directed to the amended judgment, initiated this appeal. Thereupon, defendants filed with this court a motion to dismiss plaintiffs' appeal, noting plaintiffs' failure to file a motion to correct errors directed to the final judgment. On January 30, 1975, that motion was denied by order of this court. After due deliberation, we hereby vacate that ruling, and order this appeal dismissed.

In the original judgment the court left the parties where it found them, with no direction as to which body had authority to promulgate the rules in question. The corrected entry granted that authority to the defendant Board of Public Safety thereby declaring the respective privileges and responsibilities of the parties for the first time.

Plaintiffs' failure to direct a motion to correct errors to that judgment is fatal to their attempted appeal. See, *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120; *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377; *Weber* v. *Penn-Harris-Madison School Corp.* (1974), 162 Ind. App. 28, 317 N.E.2d 811; *Koziol* v. *Lake County Plan Commission* (1974), 161 Ind. App. 232, 315 N.E.2d 374; *State* v. *Kushner* (1974), 160 Ind. App. 464, 312 N.E.2d 523; *Wyss* v. *Wyss* (1974), 160

Ind. App. 281, 311 N.E.2d 621. Absent a motion to correct errors directed at the final judgment and a ruling either granting or denying the motion, this court is without jurisdiction to entertain plaintiffs' appeal. Ind. Rules of Procedure, Trial Rule 59(G) ; Ind. Rules of Procedure, Appellate Rule 4(A).

Defendants' motion to dismiss is granted and plaintiffs' attempted appeal is hereby dismissed.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 333 N.E.2d 791.