STANLEY P. CAMPBELL, SUPERINTENDENT OF INDIANAPOLIS PUBLIC SCHOOLS ET AL. *v.* PATRICK MATTINGLY AND WILLIAM MATTINGLY.

[No. 1-674A102. Filed April 8, 1976.]

*Gil I. Berry, Jr., Buck, Berry, Landau, Breunig & Quinn,* of Indianapolis, for appellants.

*Harry A. Wilson, Jr., John M. Choplin II, Wilson & Tabor,* of counsel, of Indianapolis, for appellees.

LYBROOK, J.—Plaintiffs-Appellees William and Patrick Mattingly, father and son respectively, initiated this action seeking damages resulting from personal injury sustained by Patrick. Trial by jury resulted in a verdict in plaintiffs' favor with damage assessments of $16,500 for William and $50,000 for Patrick.

Following entry of judgment on the verdict, defendants on March 18, 1974, filed their motion to correct errors alleging *inter alia* that the damage assessment in William's favor was not supported by the evidence. Thereafter, on April 11, 1974, the court pursuant to defendants' motion to correct errors granted remittitur of the judgment in William's favor and on that date entered a modified judgment in favor of William and Patrick in the respective sums of $1106.05 and $50,000. On April 15, 1974, defendants filed their praecipe for the record and initiated this appeal.

Defendants' failure to file a motion to correct errors addressed to the final judgment of the court entered April 11, 1974, has left this court without jurisdiction to entertain their attempted appeal. Ind. Rules of Procedure, Trial Rule 59 (G) ; Ind. Rules of Procedure, Appellate Rule 4 (A). The necessity of a second motion to correct errors following entry of a judgment altering, amending, or modifying an earlier judgment has been firmly established in a line of cases following the decision of our Supreme Court in *State* v. *Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120. See, *Davis* v. *Davis* (1974), 159 Ind. App. 290, 306 N.E.2d 377; *Wyss et al.* v. *Wyss* (1974), 160 Ind. App. 281, 311 N.E.2d 621; *State* v. *Kushner et al.* (1974), 160 Ind. App. 464, 312 N.E.2d 523; *Koziol* v. *Lake County Plan Commission* (1974), 161 Ind. App. 232, 315 N.E.2d 374; *Weber* v. *Penn-Harris-Madison School Corporation* (1974), 162 Ind. App. 28, 317 N.E.2d 811; *Minnette* v. *Lloyd* (1975), 166 Ind. App. 1, 333 N.E.2d 791.

In *Davis*, this court interpreted the *Deprez* holding as follows:

"Thus, the Supreme Court has interpreted Rule AP. 4(A) to mean that if a trial court grants or denies a motion to correct errors which is accompanied by a new entry or judgment consisting of additional findings, amendments, or other alterations of the prior judgment, the party aggrieved thereby must file a motion to correct errors addressed to the new entry which has become the final judgment from which appeal is taken. With this interpretation we agree, not only because we are bound to do so, but because it logically stresses the need for specificity of alleged errors in the appeal process. The first sentence of Rule AP. 4(A) referring to appeals 'from *all* final judgments,' as well as the second sentence denominating a ruling on a motion to correct errors as a final judgment, is thus given force and effect." (Original emphasis.) 306 N.E.2d at 380.

Again, in *Weber* we wrote:

"This Court reads *Deprez* to mean that if the trial court, in ruling on the motion to correct errors, does anything other than simply granting or denying the motion, that ruling becomes a new judgment to which a new motion to correct errors must be directed. Therefore, *any* amendment of a judgment creates a new judgment which requires a motion to correct errors." (Original emphasis.) 317 N.E.2d at 813.

Accordingly, in the absence of a motion to correct errors addressed to the court's final judgment entered April 11, 1974, defendants' attempted appeal must be and is hereby dismissed.

Appeal dismissed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 344 N.E.2d 858.