P-M GAS & WASH COMPANY, INC., AN INDIANA CORPORATION v. RONALD SMITH, B/N/F CLARA SMITH AND RICHARD SMITH

[No. 478S71. Filed April 27, 1978.]

*James J. Stewart, Richard S. Ewing, Stewart Irwin Gilliom Fuller & Meyer,* of Indianapolis, for appellant.

*Daniel F. Cummings, Cummings & Emery,* of Indianapolis, for appellees.

HUNTER, J.—This case is here on transfer from the Court of Appeals. The petition to transfer challenges the decision in *P-M Gas & Wash Co., Inc.* v. *Smith,* (1976) Ind. App., 352 N.E.2d 91, in which the Court of Appeals dismissed cross-errors assigned by petitioner, Smith. It presents a procedural nightmare.

The facts which give rise to this petition to transfer are as follows.

A suit was filed by Smith against P-M Gas for personal injuries allegedly suffered as a result of the negligence of P-M Gas. Trial was to the jury in 1975, and after the evidence was submitted and instructions given, the jury returned a verdict for the defendant. The procedural problems for the parties were about to begin.

On July 18, 1975, Smith filed a motion to correct error. The trial court overruled specifications 1-6 of the motion to correct error, but sustained specification 7 and ordered a new trial. That occurred on September 15, 1975, and as of that point, counsel for defendant could not determine what procedure to follow. However, one cannot fault counsel; decisions in this Court and the Court of Appeals make it difficult for any attorney to know what should have been done. However, the defendant did file its own motion to correct error along with supporting memorandum, and that motion was denied. The plaintiff filed no response to that motion, and the case was set to leave the trial court as of October 14, 1975.

In the Court of Appeals, the defendant-appellant raised as a principal issue the correctness of the trial court's instruction, and it said, in essence, that the trial court fairly and correctly instructed the jury under the law and the evidence applicable to the case and the facts.

Smith assigned cross-errors in his brief. Those questions were found in the original motion to correct error filed by Smith and overruled by the trial court.

In the Court of Appeals, P-M Gas, defendant-appellant, moved to strike the cross-errors raised in Smith's brief due to failure to comply with Ind. R. Tr. P. 59(D). The gist of the motion was that it was necessary for Smith to file cross-errors within fifteen days after the defendant had filed its motion to correct error, and the failure to do so meant that the cross-errors could not be raised on appeal. The Court of

Appeals sustained defendant's motion and struck those portions of the Smith brief dealing with the cross-errors.

Smith presents two arguments in support of his position that the Court of Appeals erred in dismissing the cross-errors raised in the appellee's brief.

Smith first argues it was not necessary for the defendant to have filed its motion to correct error and because it was not necessary, it was not then necessary for plaintiff to file cross-errors under Ind. R. Tr. P. 59(D). In other words, the motion to correct error filed by defendant was an act of charity which, however noble, need not and should not harm plaintiff; and the failure to file cross-errors pursuant to Ind. R. Tr. P. 59(D) should not be regarded as *jurisdictional* to entering the Court of Appeals with the cross-assignment.

Because of its uncertainty, P-M Gas filed both a motion to correct error and also prepared to take an appeal from the order granting a new trial. It says now, however, in papers on transfer to this Court, that the most current authority in Indiana required a subsequent motion to correct error by the aggrieved party when the trial court grants an earlier motion to correct error in part, overrules it in part and orders a new trial.

It is easy to understand the dilemma that defense counsel faced. Two recent decisions by the Court of Appeals contribute to the procedural quagmire through which defense counsel attempted to wade. Smith directs this Court's attention to *Easley* v. *Williams*, (1974) 161 Ind. App. 24, 314 N.E.2d 105. In that instance plaintiff filed a motion to correct error alleging eight specifications of error and seeking a new trial. The trial court agreed that it had erred in giving a particular instruction and granted a new trial. One of the defendants filed a subsequent motion to correct error while two others did not. The plaintiff moved to dismiss the appeal by the two defendants who had not filed motions to correct error. The Court of Appeals declined to dismiss the appeals holding that no new judgment resulted from the granting of

a new trial and, therefore, no new motion to correct error was needed.

In the more recent decision relied upon by P-M Gas, the Third District ruled that granting a new trial vacated the previous judgment and required another motion to correct error directed to the new judgment as a prerequisite to appeal. *Miller* v. *Mansfield,* (1975) 164 Ind. App. 583, 330 N.E.2d 113.

The motion to correct error serves three purposes: (1) to present to the trial court an opportunity to correct error which occurs prior to the filing of the motion; (2) to develop those points which will be raised on appeal by counsel; and (3) to inform the opposing party concerning the points which will be raised on appeal so as to provide that party an opportunity to respond in the trial court and on appeal.

To understand the procedural dilemma which the parties faced, one must begin with *State* v. *Deprez,* (1973) 260 Ind. 413, 296 N.E.2d 120, and its progeny.[1] See, *Campbell* v. *Mattingly,* (1976) 168 Ind. App. 651, 344 N.E.2d 858; *Lake County Title Co.* v. *Root Enter., Inc.,* (1975) 167 Ind. App. 559, 339 N.E.2d 103; *Minnette* v. *Lloyd,* (1975) 166 Ind. App. 1, 333 N.E.2d 791; *Miller* v. *Mansfield,* (1975) 164 Ind. App. 583, 330 N.E.2d 113; *Hansbrough* v. *Indiana Revenue Bd.,* (1975) 164 Ind. App. 56, 326 N.E.2d 599; *Weber* v. *Penn-Harris-Madison School Corporation,* (1974) 162 Ind. App. 28, 317 N.E.2d 811; *Wyss* v. *Wyss,* (1974) 160 Ind. App. 281, 311 N.E.2d 621; *Koziol* v. *Lake County Planning Commission,* (1974) 161 Ind. App. 232, 315 N.E.2d 374; *Easley* v. *Williams,* (1974) 161 Ind. App. 24, 314 N.E.2d 105; *State* v. *Kushner,* (1974) 160 Ind. App. 464, 312 N.E.2d 523; *Davis* v. *Davis,* (1974) 159 Ind. App. 290, 306 N.E.2d 377. All of these cases cited above have created a plethora of procedural problems for the bench and bar of Indiana.

---

1. Transfer was denied by this Court in Minnette, Hansbrough, Weber, Wyss, Koziol, Easley, Kushner, and Davis.

In *Deprez,* the trial court in a long standing condemnation action entered a judgment against the state, *dismissing with prejudice.* The state filed a motion to correct error, after which the trial court set forth, for the first time, findings of fact and conclusions of law and entered a judgment of dismissal which is a final judgment. The state then directly appealed without a second motion to correct error addressed to the "new judgment" and this Court agreed with the appellee in that case that the appeal should be dismissed because the state had not filed a second motion to correct error. The designation of the second judgment of *dismissal with prejudice* as "new" did not make it more final than the original judgment of *dismissal with prejudice.*

That conclusion was incorrect, and it and the *Deprez* cases are overruled herewith.

It was incorrect because it was not consistent with Ind. R. Ap. P. 4(A), which states that a trial court's ruling on a motion to correct error shall be deemed the "final judgment" from which appeal is to be taken. That Appellate Rule is consistent with Ind. R. Ap. P. 2(A) and Ind. R. Ap. P. 7.2(A)(1).[2] On the other hand, Ind. R. Tr. P. 59(C) and (G) suggest that an error occurring prior to the time when a motion to correct error is made, or when the motion is addressed to a new judgment or entry in the trial court, *must be specified* in another motion to correct error, even though the alleged trial court error occurred in response to a first motion to correct error.

That has been the decision in many cases in the Court of Appeals, some of which are specified above, and the meaning of those decisions and interpretations is that a trial court could keep a case forever in the trial court by making, always, one change in response to the last-filed motion to correct error.

---

2. The matter is carefully and well reviewed in Grove, *The Requirements of a Second Motion to Correct Errors as a Prerequisite to Appeal,* **10** Ind. Law Rev. 462 (1977).

That kind of attitude is not shown in any respect in this case. It is referred to here simply to show that an absurd conclusion is possible given the cases and decisions referred to in this opinion.

Logic alone is not always enough to cause cases to be overturned, and certainly not the logic found in *reductio ad absurdum*. But the position these parties find themselves in, when added to that kind of logic suggests this reexamination and it suggests overturning these cases set out. In addition to *Deprez, supra,* each case above and all other cases are also overruled to the extent that they are inconsistent with this opinion.

*One motion for each party or each appellant, if there is more than one, shall be sufficient.* That will give the trial court its opportunity to remedy error, and it will serve the other purposes, too. Once it is made and acted upon, whatever action the trial court takes, then the items specified in that motion, and the trial court's disposition constitute the basis for the appellant's appeal. A second motion to correct error is not needed, and it is not required by the second sentence found in Ind. R. Tr. P. 59 (G). That sentence is limited to errors occurring before the motion to correct error is filed. After it is filed and acted upon by the trial court, that motion and the trial court's disposition are the "complaint in the appellate tribunal," as we said in *Indiana State Personnel Board* v. *Wilson,* (1971) 256 Ind. 674, 271 N.E.2d 448, 450.

Because Smith had previously raised the cross-errors in the original motion to correct error before the trial court, it was improper to dismiss the cross-errors raised within his brief for failure to comply with the requirements of Ind. R. Tr. P. 59 (D). The rule reads as follows:

*"(D)   Motion to correct errors on affidavits—Opposing affidavits, cross-errors and other matters.* When a motion to correct errors is based upon evidence outside the record, the cause must be sustained by affidavits showing the truth thereof served with the motion. The opposing party has

fifteen [15] days after service of affidavits in which to serve opposing affidavits and fifteen [15] days after service of the motion in which to file cross-errors or in which to assert relevant matters relating to the kind of relief to be granted. The period for filing affidavits may be extended for an additional period not exceeding thirty [30] days for good cause shown or by written stipulation."

Smith contends that the rule is applicable only to a motion to correct errors filed on evidence outside the record. The Court of Appeals acknowledged that Smith's interpretation was plausible but rejected it in the following manner:

"We can appreciate the appellees' construction of Rule TR. 59(D) but we do not agree with it. The title to that subsection and most of its content concerns the filing of affidavits to support the motion to correct errors when the motion is based on evidence outside the record. Positioned between the sentences concerning the filing and service of affidavits, is the provision for filing cross errors, and it clearly states that the opposing party has fifteen (15) days after service of the motion (to correct errors) within which to file cross errors. Reading the rule to require filing cross errors within fifteen days after service of the motion to correct errors, is consistent with the general rules that one must first present claimed error to the trial court before it can be considered on appeal, and that error cannot be raised for the first time on appeal."

*P-M Gas & Wash Company, Inc.* v. *Smith, supra,* at p. 92.

As recognized by the Court of Appeals, the language of the rule is less than clear; however, this Court disagrees with the interpretation given Ind. R. Tr. P. 59(D) by the Court of Appeals. The heading of Ind. R. Tr. P. 59(D) does indicate the scope of the paragraph is very broad (i.e. cross-appeals). We disagree for the reason that Ind. R. Tr. P. 59(D) only covers matters *dehors* the record. Both parties to this suit have agreed that there is no question presented by evidence outside the record under TR. 59(D).

It is this Court's view that *both* parties must assert errors within the time provided by the trial rules. Failure to do so might result in a dismissal of the point or points with prejudice.

In summary we hold:

I.   The Court of Appeals erred in its opinion in interpretation of Ind. R. Tr. P. 59 (D).

(A)  In another case in that Court, *Seco Chemicals, Inc., etc.* v. *Stewart,* (1976) Ind. App., 349 N.E.2d 733, it observed that the only mention of cross appeals in our rules is in Ind. R. Tr. P. 59 (D) and Ind. R. Ap. P. 8.1 (A) and 8.3 (D). That opinion left open the question, however, whether the provisions which address cross-appeals are applicable only in those instances in which new matters, or evidence outside the record, are raised in the form of affidvaits. The specific language of TR. 59 (D) speaks only to that limited situation.

II.   It is our opinion that the plain language of TR. 59 (D) means what it says it means. See HARVEY, 4 INDIANA PRACTICE at page 131, section 59.5, paragraphs (1) and (2). That is, it relates to and addresses those situations in which a "motion to correct errors is based upon evidence outside the record" and when that occurs, and relief is to be obtained and an appeal is to be taken, then "the cause must be sustained by affidavits showing the truth thereof" and they shall be served with the motion. Therefore TR. 59 (D) must be limited to the language it uses and to the situation it addresses, and it is not applicable to this case.

(A)  The parties admit and fully agree that no evidence or matters *dehors* the record were contained in the motions to correct error or presented in the Court of Appeals. Accordingly, on the facts of this case, and in the plain language of TR. 59 (D), that provision has no application here. Thus, the Court of Appeals erred in its ruling.

III.   Our trial and appellate rules do not address cross-appeals as a general category, but only when new matter not a part of the record appears in affidavit form. HARVEY, 4 INDIANA PRACTICE, *supra.* The question remains, however, how shall cross-appeals in general, which arise from the record of the case, be taken?

(A)  The answer is given in the second sentence of TR. 59 (G), and it speaks to a *cross-appellant,* even if that party

has not filed a motion to correct error and in the usual case, the appellee does not file such a motion.

(B) If an appellee desires to become a cross-appellant, then he must make that decision within sixty days after the entry of the judgment in his favor, pursuant to TR. 59(C). When that has been done, then the ruling which is made on that motion to correct error becomes the "complaint on the cross-appeal." Thereafter, the rules of appellate procedure apply, and in that regard, as in the *Seco* case, it might not be necessary to file a praecipe if, as therein, the original praecipe filed covered the entire record.

IV.   Ind. R. Ap. P. 4(A) should be read as allowing either party to appeal a ruling on a motion to correct error, and the principles of law on "finality" are well stated in HARVEY, 3 INDIANA PRACTICE, section 54.2 (1978 Supp.).

V.   If a party seeks to raise error which occurred at trial, or afterward in a verdict or judgment, then Ind. R. Tr. P. 59(G), second sentence, requires that party to make a motion to correct error. Once made, no second motion should ever be required from that party.

(A) If a party wants to complain about the relief granted to another party, when that other party made a motion to correct error which was granted in whole or in part, then that party can appeal that order, and commence the process under Ind. R. Ap. P. 2(A).

(B) This would not require that party to make a motion to correct error in his own right. In that way, that party then becomes an appellant, and the regular appeal process obtains.

(C) It is often the case that an appellee will not raise trial error in the appellate court, and will only answer the appellant's positions and brief. If so, then it is not necessary for the appellee to file a motion to correct error in the trial court.

VI.   If the appellant, on the other hand, is a party who seeks to reinstate a jury verdict, for example, after it was received by the appellant but changed as a result of a motion to correct error by the appellee, who now defends the final judgment entered, it is not necessary for that appellant to file a motion to correct error, if appellant

does not raise error himself. If appellant seeks reinstatement of that jury verdict because it was incorrect for the trial court to have granted the appellee's motion to correct error, then it is not necessary for the appellant to do more than request relief on brief in the appellate court. The "complaint on appeal" will be measured, in such an example, by the original verdict and judgment and the motion to correct error filed by the appellee *and* the favorable relief given to that motion by the trial court.

VII. If the appellant maintains that there was error, he can say that on brief and explain why, after he has initiated the appeal under the Indiana Rules of Appellate Procedure.

VIII. Of course, if trial was to the court, and the trial court first entered a judgment for the appellant and then changed it on appellee's motion to correct error, the same process would result as in the example when the trial was to the jury.

IX. If each party makes a motion to correct error, then each can raise the ruling on that motion and the ruling on the other party's motion on appeal as cross-errors, respectively.

X. If a party does not make a motion to correct error, he has nothing belonging to him which can be appealed, unless, of course, he is harmed if the other party moves to correct error and the motion is granted in some aspect.

Although the case before us does not necessarily require the in-depth analysis of the appeal process delineated pursuant to Ind. R. Tr. P. 59, we are, nonetheless, cognizant of our duty to civil litigants. We must, therefore, be ready to remedy our initial judicial error in *Deprez* v. *State, supra,* and this Court's subsequent role in the compounding of that error by denying transfer in case after case involving similar issues. Our lack of action in this manner has contributed immeasurably to the accelerated compounding of errors in illogical rulings on the necessity of repetitive motions to correct errors in civil litiga-

tion. The rulings by the Court of Appeals under TR. 59, and this Court's approval—direct, indirect or passive—in denial of petitions to transfer place an unequivocal duty upon this Court to remedy our permissive role in this area of procedural rulings. We therefore should speak out clearly in a remedial manner. We believe this decision will fulfill our duty to the Indiana legal profession.

This Court is so impelled because, "[W]here judicial errors are apparent, they should be judicially corrected for not to do so is to indulge the principal of the 'aristocracy of the robe.'" *Jenkins* v. *Review Board of Ind. Empl. Sec. Div.*, (1965) 138 Ind. App. 12, 211 N.E.2d 42. When our judicial duty is clear, we should not allow our present view to be opaqued by improvident procedural rulings on motions to correct error. Far too many litigants have been denied their right of appeal by withholding from them a review and decision at the appellate level of all or part of their justiciable issues properly preserved under TR. 59.

For all of the foregoing reasons, this decision, as it pertains to motions to correct errors, cross-errors and the various rights of appeal on assignment of error, shall henceforth be considered the basis for the resolution of issues on appeal where properly asserted under our rules.

Therefore, this decision shall not be construed as dictum but shall be interpreted as controlling all future cases where rulings on motions to correct errors and their procedural aspects may differ, in whole or in part, from the procedural posture of the case before us. We therefore hold that all cases now pending in the trial courts, or now on appeal, shall be governed by the procedures as enunciated herein relative to the rights of all parties to an appeal, from and after the date of filing of this opinion. However, in any case pending in the Court of Appeals if a party might by operation of the time limits for appeal be deprived of a review of the merits, this opinion shall not be construed to so deny a party his rights to a meritorious decision.

We now therefore find that this cause should be remanded to the Court of Appeals, Second District, with directions to reinstate the appeal of Ronald Smith, et al., and to determine the appeal on the merits of Smith, et al., and P-M Gas & Wash Company, Inc. as briefed.

Cause remanded with instructions and further proceedings not inconsistent with this opinion.

DeBruler and Prentice, JJ., concur; Givan, C.J., concurs in result with opinion in which Pivarnik, J., concurs.

OPINION CONCURRING IN RESULT.

GIVAN, C.J.—I feel the rulings in the cases cited in the majority opinion on page 301, starting with *State* v. *Deprez,* (1973) 260 Ind. 413, 296 N.E.2d 120, are correct, not in point in the case at bar and should not be disturbed. I think we should adhere to the rule that any time a judgment is substantially modified no appeal may be taken from that judgment unless a motion to correct errors is filed.

I do agree with the proposition that when a motion to correct errors is filed and sustained by the trial court it should not be necessary for the losing party to file a new motion to correct errors at that time. I do not think the holding in *Deprez* and subsequent cases requires that. In such an instance certainly an understandable appeal may be predicated upon the trial court's granting of the motion to correct errors.

However in situations where a motion to correct errors is filed, and in response thereto the trial court makes extensive modifications of its judgment, I would hold it necessary to file a subsequent motion for new trial addressed to the new judgment.

I further disagree with the summary set forth in the majority opinion. In a departure from the issues of the case at bar the majority opinion summary sets forth new rules of

procedure concerning motions to correct error. I believe it is unfair to the practicing bar for this Court to purport to make procedural rule changes in written opinions. To engage in this practice leaves the rules unreliable and requires the practitioner to not only read the rules but to search through the various cases to determine whether or not the rule has been modified by case law. If the rule changes set out in the majority summary are to be made they should be made by amendment of the present rules and should not be set forth in an opinion of this Court.

For the foregoing reasons I feel compelled to concur in the result only in this case.

Pivarnik, J., concurs.

NOTE.—Reported at 375 N.E.2d 592.