THE ESTATE OF PAUL E. HOLDERBAUM AND FLORENCE HOLDERBAUM *v.* PATRICIA GIBSON

[No. 3-776A169. Filed June 14, 1978. Rehearing denied August 10, 1978. Transfer denied October 23, 1978.]

*William J. Reinke, Lawrence G. DiNardo, Thornburg, McGill, Deahl, Harman, Carey & Murray*, of South Bend, for appellants.

*Robert F. Gonderman*, of South Bend, for appellee.

STATON, J.—Patricia Gibson filed a complaint against Florence Holderbaum and the estate of Paul E. Holderbaum (hereafter collectively referred to as "the estate"), alleging that she was injured while riding in a car driven by Paul Holderbaum. Prior to the trial, the trial judge ruled that the Indiana Guest Statute[1] was unconstitutional. Accordingly, the case was tried on the theory of negligence, as opposed to the theory of wilful and wanton misconduct. Following the submission of the evidence, the estate moved for a judgement on the evidence on the basis that wilful and wanton misconduct had not been shown. The motion was denied. Later, the jury returned a verdict for Gibson, and the trial court entered judgment on the verdict.

The estate then filed a motion to correct errors. Before the trial judge ruled on that motion, the Indiana Supreme Court, in *Sidle v. Majors* (1976), 264 Ind. 206, 341 N.E.2d 763, upheld the constitutionality of the guest statute. Later, on February 23, 1976, the trial court entered the following order:

"[T]he parties each having filed their motion to correct errors and the court having heard final argument hereon, come now the defendants and file supplemental authority, opinion of the Indiana

---

1.   IC 1971, 9-3-3-1, Ind.Ann.Stat. § 47-201 (Burns 1965), which provides:

"Guest of owner or operator—Right to damages.—The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wanton or wilful misconduct of such operator, owner, or person responsible for the operation of such motor vehicle."

Supreme Court, Sidle v. Majors, dated February 16, 1976. . . And now the court having heretofore denied defendants' T.R. 50 motion for judgment on the evidence, now orders and directs that said T.R. 50 motion for judgment on the evidence should be sustained, and the prior ruling of this court denying the same should be and the same is hereby withdrawn, set aside and vacated and judgment entered for defendants in accord with T.R. 59 and 50(A)(4)."

Gibson then filed an additional motion to correct errors on April 8, 1976. On April 27, 1976, the trial judge granted Gibson's motion to correct errors and made the following findings:

"1) Plaintiff filed a motion for a pre-trial determination of the constitutionality of Ind. Code 1971, 9-3-3-1, 'Indiana Guest Statutes', which was by the court granted November 20, 1975, declaring said Indiana Guest Statute unconstitutional.

"2) The entire case was tried on the theory of ordinary negligence and in rendering its verdict, the jury found the defendant's decedent guilty of ordinary negligence.

"3) That in said trial the court did not give instructions relative to the Guest Act to the jury — which could not have made a determination as to whether defendant's decedent was guilty of willful or wanton misconduct.

"4) That at the conclusion of evidence, the court denied defendants' written T.R. 50(A) motion, which motion was predicated upon the absence of '. . . evidence from which the jury could find that Paul E. Holderbaum was guilty of willful or wanton misconduct. . .'

"5) That on February 23, 1976 the court ordered that said T.R. 50(A) motion should be sustained and the prior ruling denying the same be withdrawn, set aside and vacated and judgment for defendants was entered.

"6) That by the entry of a new judgment for defendants on February 23, 1976 the court found the plaintiff had failed to prove willful and wanton misconduct when that issue had by the court been expressly excluded as an issue in the trial of said cause.

"7) As a result of the Supreme Court's decision in *Sidle v. Majors* this court had no alternative but to grant a new trial to both parties.

"8) That the entry of judgment for defendants on their T.R. 50(A) was not predicated on the absence of testimony of willful and wanton misconduct of the defendant per se, but rather its absence due to the exclusion thereof by the court's prior ruling on the Indiana Guest Statute, which cannot stand predicated on issues never before the court or jury.

"9) That this court made such entry based on the authority of *Sidle v. Majors* and prior to the decision of the Supreme Court in *Brady v. Acs*, [264 Ind. 285] 342 N.E.2d 837.

"10) By its granting the defendants' T.R. 50(A) motion after trial, and setting aside the verdict of the jury, this court injected issues never before such jury, and previously excluded by its pre-trial ruling and clearly not supported by the evidence.

"The plaintiff's motion to correct errors is sustained and she is granted a new trial."

The estate argues these issues on appeal that: 1) the trial court was without jurisdiction to consider Gibson's April 8, 1976 motion to correct errors; and 2) the trial court erred in ordering a new trial. We affirm.

## I.

### Jurisdiction

In order to resolve the first issue raised by the estate, we must consider the following events and the order in which they occurred:

(1) The jury returned a verdict for Gibson in the amount of $12,000 and judgment was entered thereon.

(2) Both Gibson[2] and the estate filed motions to correct errors.

(3) The trial court granted the estate's motion, vacated the judgment which had been previously entered for Gibson, and entered a judgment for the estate.

(4) Gibson filed a motion to correct errors addressed to the entry of the judgment for the estate.

2. Gibson argued that the damages were inadequate because the jury had been improperly instructed. Gibson's motion was implicitly denied when the trial court granted the estate's motion.

(5) The trial court granted Gibson's motion and ordered a new trial.

The estate contends that if Gibson was aggrieved by the trial court's order granting the estate's motion to correct errors, her only recourse was to initiate a direct appeal of that order pursuant to Ind. Rules of Procedure, Appellate Rule 2.[3] Therefore, the argument continues, the trial court had no jurisdiction to rule upon the subsequent motion to correct errors filed by Gibson. Gibson, on the other hand, maintains that, in order to preserve her right to appeal, she was required to file an additional motion to correct errors addressed to the entry of the judgment for the estate.

The issue before us, therefore, can be reduced to the following question: What procedural avenues are open to a party who is aggrieved by the trial court's granting of an opponent's motion to correct error?

Until recently, the appellate court decisions concerning this matter were, for the most part, hopelessly confused and often totally irreconcilable. Compare, for example, *Easley v. Williams* (1974), 161 Ind.App. 24, 314 N.E.2d 105, with *Miller v. Mansfield* (1975), 164 Ind.App. 583, 330 N.E.2d 113. Recognizing the "procedural quagmire" which the courts had created, the Supreme Court, in *P-M Gas and Wash Company, Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592, overruled *State v. Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, and its progeny and established new guidelines concerning the filing of motions to correct errors. The Supreme Court also held that *Smith* was to be given a limited retroactive effect by applying the new guidelines to cases on appeal on the date *Smith* was handed down, unless such an application would deprive a party of a review on the merits.[4]

---

3. AP. 2 reads, in pertinent part, as follows:

"(A)  Initiation of the Appeal. An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings, and that said praecipe shall be filed within thirty [30] days after the court's ruling on the Motion to Correct Errors or the right to appeal will be forfeited. A copy of such praecipe shall be served promptly on the opposing parties.

4.  In order to have preserved the right to appeal, however, the party must have complied with the proper procedures as they existed at the time of the filing of the motions to correct errors.

Smith addresses the particular issue with which we are confronted:

"If a party wants to complain about the relief granted to another party, when that other party made a motion to correct error which was granted in whole or in part, then that party can appeal that order, and commence the process under Ind. R. Ap. P. 2(A)."

Thus, when the trial court granted the estate's motion to correct errors, Gibson should have, pursuant to the new guidelines, initiated an appeal by filing a praecipe within thirty days of the entry of the order granting the motion. Gibson can nevertheless avoid the harshness of the retroactive application of *Smith* if we determine that, under the law as it existed at the time the estate's motion was granted, the proper procedure would have been to file an additional motion to correct errors. If, in fact, the additional motion to correct errors was required, then the estate cannot prevail with its contention that the trial court had no jurisdiction to rule on that motion.

*Campbell v. Mattingly* (1976), 168 Ind.App. 651, 344 N.E.2d 858, was a personal injury action in which the jury returned a verdict for the plaintiffs. Following the entry of judgment on the verdict, the defendants filed their motion to correct errors. Pursuant to that motion, the trial court granted remittitur of the judgment and entered a modified judgment. The defendants failed to file an additional motion to correct errors. In dismissing the ensuing appeal, the Court of Appeals explained that:

"The necessity of a second motion to correct errors following entry of a judgment altering, amending, or modifying an earlier judgment has been firmly established in a line of cases following the decision of our Supreme Court in *State v. Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120."

When the trial judge, in the case before us, granted the estate's motion to correct errors, he altered the prior judgment in the most drastic manner possible. He not only vacated the judgment previously entered for Gibson, but also entered a judgment for the estate. The law as it existed at the time the estate's motion was granted very clearly required Gibson to file an additional motion to correct errors in order to preserve her right to appeal. Accordingly, it is evident that the trial court had jurisdiction to rule upon that motion.

## II.

### New Trial

The estate also contends that the trial court erred in granting a new trial. We disagree.

The February 23, 1976 entry purports to be a judgment on the evidence. T.R. 50 does allow the trial judge to enter a judgment on the evidence, but only after he determines that the evidence is without conflict and is susceptible of but one inference, that being in favor of the moving party. *Prudential Insurance Co. v. Winans* (1975), 263 Ind. 111, 325 N.E.2d 204. It is evident, after reading the April 27, 1976 entry, that the trial court did not make such a determination. For that reason alone, the entry of the judgment on the evidence was improper. Furthermore, the judgment on the evidence was predicated on the issue of whether the driver's actions constituted wilful and wanton misconduct — an issue which had been excluded from the case because of the court's pre-trial ruling on the constitutionality of the guest statute. Clearly, such a judgment could not stand.

TR. 59(E) authorizes the trial court to grant a new trial if that court determines that prejudicial or harmful error has been committed. The entry of the judgment on the evidence was such an error. A new trial was properly ordered.

We affirm.

Hoffman, J., Concurs;

Lowdermilk, J. (By designation), Concurs.

NOTE — Reported at 376 N.E.2d 1189.